United States District Court
Southern District of Texas
FILED

FEB 1 3 2002

Michael N. Milby
Clerk of Court

*1*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| BORDER CONTRACTORS, INC., a Texas | * | |
| Corporation, | * | |
| Plaintiff | * | |
| | * | |
| VS. | * | CIVIL ACTION NO. **B-02- 027** |
| | * | |
| GREAT AMERICAN INSURANCE | * | |
| COMPANY OF NEW YORK, | * | |
| Defendant | * | |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW GREAT AMERICAN INSURANCE COMPANY OF NEW YORK Defendant in the above entitled and numbered cause, and files this its Notice of Removal of the present cause from the 197th Judicial District Court of Cameron County, Texas, in which it is now pending, to the United States District Court for the Southern District of Texas, Brownsville Division, showing the Court as follows:

1. This cause was commenced in the 197th Judicial District Court, Cameron County, Texas on January 24, 2002, when Plaintiff's Original Petition was filed in Cause Number 2002-01-000310-C. A copy of Plaintiff's Original Petition is attached hereto and incorporated herein for all purposes to this Notice of Removal.

2. Defendant Great American Insurance Company of New York was served on January 28, 2002. A copy of the Citation served on Defendant indicating date of service is attached hereto and incorporated herein for all purposes.

3. This is a civil action for damages allegedly incurred by Plaintiff when a Caterpillar backhoe, insured by Defendant, was allegedly stolen. Plaintiffs allege causes of action against Defendant for breach of contract and breach of covenant of good faith and fair dealing.

4.      Plaintiff alleges in Plaintiff's Original Petition that it is a Texas corporation with its principal office in Cameron County, Texas. Plaintiff is therefore a citizen of Texas.

5.      Defendant Great American Insurance Company of New York is a foreign corporation, incorporated in the State of Delaware, with its principal place of business in Ohio.

6.      For the purposes of federal removal jurisdiction pursuant to 28 U.S.C. §1441, complete diversity of citizenship existed at the time this lawsuit was filed and now exists between the adverse parties in the present cause.

7.      Defendant would further show the Court that Plaintiff's Original Petition seeks damages in excess of $75,000.00, to-wit, "compensatory and statutory damages in the amount of Three Hundred Eight Thousand and One Dollars ($308,001.00)."

8.      Upon filing of this Notice of Removal of this cause, written notice of the filing by petitioners to Plaintiff and its counsel has been provided as required by law. A copy of this notice is also being filed with the Clerk of the State Court in which this cause was originally filed.

9.      This Notice of Removal is timely filed in accordance with 28 U.S.C. §1446(b), in that it is filed within thirty (30) days of service of Plaintiff's Original Petition on Defendant and within one year of the initial filing of the lawsuit.

10.     Defendant hereby requests a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Petitioner prays for removal of the above entitled and numbered cause from the 197th Judicial District Court of Cameron County, Texas to this Honorable Court.

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

By: _____
      Mitchell C. Chaney
Attorney-in-Charge
State Bar No. 04107500
Federal Admissions No. 1918
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170

ATTORNEYS FOR DEFENDANT
GREAT AMERICAN INSURANCE
COMPANY OF NEW YORK

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of Notice of Removal was served upon all counsel of record, to-wit:

        Robert J. Banks
        218 East Harrison Avenue
        Harlingen, Texas 78550-9134
        Attorneys for Plaintiff

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission pursuant to the Federal Rules of Civil Procedure, on this the 13th day of February, 2002.

_____
Mitchell C. Chaney

FILED_____ O'CLOCK ____
AURORA DE LA GARZA DIST. CLERK

JAN 2 4 2002

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

CAUSE NUMBER 2002-01-000310-C

| | |
|---|---|
| BORDER CONTRACTORS, INC., a Texas corporation, | : |
| | : |
| Plaintiff | :    IN THE DISTRICT COURT |
| | : |
| vs. | :    197th JUDICIAL DISTRICT |
| | : |
| GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, | :    CAMERON COUNTY, TEXAS |
| | : |
| Defendant | : |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now Border Contractors, Inc., Plaintiff in the above entitled and numbered Cause, by and through its attorney, Robert J. Banks, Esq., and files this, its Original Petition complaining of Great American Insurance Company of New York, and for cause therefor would show unto this court the following:

I

1.01.   Plaintiff, Border Contractors, Inc., hereinafter referred to as "Border", is a Texas corporation with its principal office and place of business in Cameron County, Texas at all times complained of herein.

1.02.   Defendant, Great American Insurance Company of New York, hereinafter referred to as "Great American", is a capital stock corporation having its principal office in Cincinnati,

---

Ohio. Great American was an inland marine insurance company doing business in Cameron County, Texas at all times complained of herein. **Defendant, Great American Insurance Company of New York can be served by serving its Registered Agent, C.T. Corporate Systems, 350 North Saint Paul Street, Dallas, Texas 75201.**

1.03. The property which is the subject of this lawsuit was situated in Cameron County, Texas.

Factual Allegations

II

On or about March 27, 2001, Border purchased a new "2000 Caterpillar 446B Backhoe Loader, Serial Number 5BL02169", hereinafter referred to as "the Backhoe". The purchase price of the Backhoe, as delivered, was $111,609.26.

III

3.01. At all times complained of herein, Great American was engaged in the business of selling policies of insurance to the general public, a class of which Border is a member.

3.02. On or about August 1, 2000, Great American sold a policy of insurance to Border insuring Border's equipment. On or about March 27, 2001, Great American added the Backhoe to the list of equipment insured against loss by Great American. The insured value of the Backhoe agreed to by Great American was $102,667. Border paid Great American its premium for said insurance. Copy of Texas Inland Marine Policy Number TIM 9273604 attached hereto, marked Plaintiff's Exhibit Number 1, and made a part hereof.

3.03. Great American's policy of insurance was effective from August 1, 2000 to 12:01 a.m., August 2, 2001.

3.04.   Amongst other perils insured against, Great American's policy insured the Backhoe against "theft". Great American's policy was in full force and effect at the time of the loss of the Backhoe.

3.05.   On or about July 12, 2001, a date within the effective dates of Great American's policy of insurance, and a date on which the Backhoe was insured by Great American, the Backhoe was stolen from a secure impoundment area.

3.06.   Subsequent to July 12, 2001, and within the effective dates of Great American's policy of insurance, Border notified Great American of the afore described theft of the Backhoe.

3.07.   On or about August 1, 2001, Great American denied Border's claim for the theft of the Backhoe. Copy of Great American's Declination of Coverage attached hereto, marked Plaintiff's Exhibit Number 2, and made a part hereof.

3.08.   To date, Great American has failed and refused, and continues to fail and to refuse to honor its policy of insurance.

3.09.   Great American's policy of insurance does not contain any exclusions applicable to the above facts.

3.10.   All notices required to have been served upon Great American by Border have been duly served.

Breach of Contract

IV

Plaintiff, Border Contractors, Inc., incorporates herein by reference each and every allegation set forth above, and further states:

4.01.   During the period in which Great American's policy of insurance was in full force and effect, equipment specifically identified as being insured by Great American under their policy of insurance, *i.e.*, the Backhoe, was stolen from a secure impoundment area. Pursuant to the terms of Great American's policy, Great American was obligated to pay, and Border entitled to receive, indemnification of the loss.

4.02.   Great American contracted, warranted and agreed that it would pay to Border the sum of One Hundred Two Thousand Six Hundred Sixty Seven Dollars ($102,667.00) for its loss incurred by the theft of the Backhoe.

4.03.   Although demand having been made therefor, Great American has failed and refused, and continues to fail and to refuse, to pay Border the money agreed upon and owing. Said failure and refusal constitutes a material breach of Great American's contract of insurance.

V

As a direct and proximate result of Great American's breach of its contract, Border has suffered actual damages in the amount of One Hundred Two Thousand Six Hundred Sixty Seven Dollars ($102,667.00) as herein above described.

Wherefore, Border Contractors, Inc. demands judgment against Great American for compensatory damages in the amount of One Hundred Two Thousand Six Hundred Sixty Seven Dollars ($102,667.00), interest at the rate of eighteen (18%) percent, costs and reasonable attorney fees.

<u>Breach of Covenant of Good Faith and Fair Dealing</u>

VI

Plaintiff, Border Contractors, Inc., incorporates herein by reference each and every allegation set forth above, and further states:

---

6.01. At all times herein complained of, Great American agreed to act in good fath and deal fairly with Border when Great American issued its policy of insurance, and accepted payment therefor from Border. Great American thereby assumed a fiduciary obligation to Border and agreed to abide by its fiduciary duties. Nevertheless, Great American failed and refused to act in good faith and deal fairly with Border, thereby breaching its fiduciary obligations and engaging in unfair settlement practices.

6.02. Great American owed Border a duty of good faith and fair dealing predicated upon their special relationship.

6.03. In the absence of a reasonable basis for so doing, and with full knowledge and/or reckless disregard therefor, Great American failed and refused to indemnify Border under Great American's policy of insurance and the laws of the state of Texas.

6.04. Great American has failed to attempt in good faith to effectuate a prompt, fair and equitable settlement of Border's claim with respect to which Great American's liability had become reasonably clear. Further, Great American knew or should have know that it has no reasonable basis for denying Border's claim.

6.05. Great American has refused, failed and unreasonably delayed an offer of settlement under its policy of insurance on the basis that the Backhoe was not in a secure facility.

6.06. All conditions precedent to Great American's performance in accordance with its policy of insurance have occurred or have been performed by Border.

6.07. Great American knowingly committed the acts complained of herein, maliciously, fraudulently and/or with reckless disregard for the likelihood of causing Border severe economic

damage. Great American knowingly committed the above acts to further its own economic interest at the expense of Border's economic interest.

6.08. Great American knowingly violated §17.46(b)(12), *Texas Business and Commerce Code, Texas Deceptive Practices–Consumer Protection Act*, in that Great American (i) represented to Border that Great American's policy of insurance conferred rights and remedies which it does not have or involve, and (ii) that Great American engaged in false, misleading or deceptive acts or practices in the conduct of its trade and commerce, in that it wrongfully failed and refused to honor Border's claim without reasonable justification, or in the alternative concealed relevant terms of the policy of insurance from Border.

VII

As a direct and proximate result of Great American's breach of its covenant of good faith and fair dealing, and unfair settlement practices, Border has suffered actual damages in the amount of One Hundred Two Thousand Six Hundred Sixty Seven Dollars ($102,667.00) as herein above described.

Wherefore, Border Contractors, Inc. demands judgment against Great American for compensatory damages in the amount of Three Hundred Eight Thousand and One Dollars ($308,001.00), interest at the rate of eighteen (18%) percent, costs and reasonable attorney fees.

Attorney's Fees

VIII

Great American's conduct complained of herein, and the resulting damages and loss to Border, has necessitated Border's retaining Robert J. Banks, Esq. Border is, therefore, entitled

to recover from Great American an additional sum to compensate Border for a reasonable fee for said attorney's services in the preparation and prosecution of this action, as well as a reasonable fee for any and all appeals to other courts.

<u>Prayer</u>

IX

Wherefore, premises considered, Border Contractors, Inc. prays that this Honorable Court enter an Order:

9.1.    That Border Contractors, Inc. be granted judgment against Great American Insurance Company of New York for compensatory and statutory damages in the amount of Three Hundred Eight Thousand and One Dollars ($308,001.00);

9.2.    That Border Contractors, Inc. be granted judgment against Great American Insurance Company of New York for reasonable and necessary attorney's fees;

9.3.    That Border Contractors, Inc. be granted judgment against Great American Insurance Company of New York for prejudgment interest at the rate of eighteen (18%) percent per annum;

9.4.    That Border Contractors, Inc. be granted judgment against Great American Insurance Company of New York for post judgment interest at the maximum legal rate from the date of judgment until paid in full;

9.5.    That Border Contractors, Inc. be granted judgment against Great American Insurance Company of New York for all costs of court; and

9.6.    That Border Contractors, Inc. be granted such other and further relief, special or general, at law or in equity, as to which it may be shown to be justly entitled.

Respectfully submitted,

Robert J. Banks, Esq.
Texas Bar No. 01686020
218 East Harrison Avenue
Harlingen, Texas 78550-9134
956-423-3745 (Telephone)
956-423-3746 (Telecopier)

Attorney for Plaintiff,
Border Contractors, Inc.

CM 7951 (Ed. 6/99)

*INLAND MARINE POLICY*

# BUSINESSPRO*
®

\*THE BUSINESS PROTECTOR® PROGRAM—
A Professional Approach For Your
Commercial Insurance Needs.



GREATAMERICAN
INSURANCE COMPANIES

**PLAINTIFF'S
EXHIBIT**

NO.  1

0102699

**GREAT**AMERICAN.
*INSURANCE COMPANIES*

ADMINISTRATIVE OFFICES
580 WALNUT STREET
CINCINNATI, OHIO 45202
TEL: 1-513-369-5000

*Equipment*

**CM 76 32 (Ed. 09 93)**

**Policy No.   TIM 927-36-04  - 03**
**Renewal Of  TIM 927-36-04  - 02**

# TEXAS INLAND MARINE POLICY DECLARATIONS

---

**NAMED INSURED** BORDER CONTRACTORS, INC.

**AND ADDRESS:**   28226 DILWORTH ROAD
                   HARLINGEN, TX 78562

---

| IN RETURN FOR PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL TERMS OF THIS POLICY, WE AGREE WITH YOU TO PROVIDE THE INSURANCE AS STATED IN THIS POLICY. | AGENT'S NAME AND ADDRESS: U.S. RISK BROKERS, INC.  10210 N.CENTRAL EXWY #500 DALLAS, TX 75231 3424 |
|---|---|

---

Insurance is afforded by the Company named below, a Capital Stock Corporation:
046 AMERICAN NATIONAL FIRE INSURANCE COMPANY

*Great American Insurance Co. of New York  8/7/00 to settle it*
*4/7/01*

---

**POLICY PERIOD:**  From  08/01/2000 To  08/01/2001
12:01 A.M. Standard Time at the address of the Named Insured

---

**BUSINESS DESCRIPTION:**

---

| This policy consists of the following Coverage part for which a premium is indicated. This premium may be subject to adjustment. | **Premium** |
|---|---|
| Commercial Inland Marine Coverage Part | $7,641.00 |
| **Total Provisional Premium** | **$7,641.00** |

---

Article 6.13 Policy a Liquidated Demand. A fire insurance policy, in case of a total loss by fire of property insured, shall be held and considered to be a liquidated demand against the Company for the full amount of such policy. The provisions of this Article shall not apply to personal property.

---

FORMS AND ENDORSEMENTS applicable to all Coverage Parts and made a part of this Policy at the time of issue are listed on the attached Forms and Endorsements Schedule CM 8801 11/85.

---

Countersigned _____    By _____
                    Date                              Authorized Representative

Case 1:02-cv-00027   Document 1   Filed in TXSD on 02/13/2002   Page 14 of 53

# IMPORTANT NOTICE
## (Texas)

| ## IMPORTANT NOTICE | ## AVISO IMPORTANTE |
|---|---|

To obtain information or make a complaint:

You may contact the Texas Department of Insurance to obtain information on companies, coverages, rights or complaints at:

### 1-800-252-3439

You may write the Texas Department of Insurance:

### P.O. BOX 149104
### Austin, TX 78714-9104
### FAX# (512)475-1771

Para obtener informacion o para someter una queja:

Puede comunicarse con el Departamento de Seguros de Texas para obtener informacion acerca de companias, coberturas, derechos o quejas al:

### 1-800-252-3439

Puede escribir al Departamento de Seguros de Texas:

### P.O. BOX 149104
### Austin, TX 78714-9104
### FAX# (512)475-1771

## PREMIUM OR CLAIM DISPUTES:
Should you have a dispute concerning your premium or about a claim you should contact the agent or the company first. If the dispute is not resolved, you may contact the Texas department of Insurance.

## ATTACH THIS NOTICE TO YOUR POLICY:
This notice is for information only and does not become a part or condition of the attached document.

## DISPUTAS SOBRE PRIMAS O RECLAMOS:
Si tiene una disputa concerniente a su prima o a un reclamo debe comunicarse con el agente o las compania primero. Si no se resuelve la disputa, puede entonces comunicarse con el Departamento de Seguros de Texas.

## UNA ESTE AVISO A SU POLIZA:
Este aviso es solo para proposito de informacion y no se convierte en parte o condicion del documento adjunto.

Case 1:02-cv-00027   Document 1   Filed in TXSD on 02/13/2002   Page 15 of 53

## POLICYHOLDER NOTICE

### (Applicable to Commercial Inland Marine, Boiler and Machinery, and Crime Policies)

NO COVERAGE IS PROVIDED BY THIS POLICYHOLDER NOTICE NOR CAN IT BE CONSTRUED TO REPLACE ANY PROVISION OF YOUR POLICY. YOU SHOULD READ YOUR POLICY AND REVIEW YOUR DECLARATIONS PAGE FOR COMPLETE INFORMATION ON THE COVERAGES YOU ARE PROVIDED. IF THERE IS ANY CONFLICT BETWEEN THE POLICY AND THIS SUMMARY, <u>THE PROVISIONS OF THE POLICY SHALL PREVAIL.</u>

An exclusion has been added to your policy to explicitly state that coverage is not provided for loss caused by a computer's inability, or that of computerized or other electronic equipment, to properly recognize a particular date or time. An example of this is a loss caused by the inability of the computer to recognize the year 2000 (Y2K). However, coverage is provided under certain circumstances: if the computer's inability to recognize a date or time results in a covered cause of loss -- for example, fire -- the loss resulting from that fire will be covered.

IM-329 (Ed. 04/98)



**GREAT AMERICAN INSURANCE COMPANIES**
Subsidiaries of American Financial Corporation
580 WALNUT STREET, CINCINNATI, OHIO 45202

IL 01 71
(Ed. 09 92)

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

## TEXAS CHANGES - LOSS PAYMENT

This endorsement modifies insurance provided under the following:

BOILER AND MACHINERY COVERAGE PART
COMMERCIAL CRIME COVERAGE PART
FARM COVERAGE PART – LIVESTOCK COVERAGE FORM
FARM COVERAGE PART – MOBILE AGRICULTURAL MACHINERY
                              AND EQUIPMENT COVERAGE FORM
COMMERCIAL INLAND MARINE COVERAGE PART

## A. LOSS PAYMENT

1. With respect to the **Boiler and Machinery Coverage Part** and **Commercial Crime Coverage Part**, the following conditions are added.

2. With respect to the **Commercial Inland Marine Coverage Part**, the following conditions replace Item E. LOSS PAYMENT in the Commercial Inland Marine Loss Conditions.

3. With respect to the **Farm Coverage Part**, the following conditions replace Paragraphs c. and f. of the Loss Payment Condition:

   a. claims handling

      (1) within 15 days after we receive written notice of claim, we will:

         (a) acknowledge receipt of the claim. If we do not acknowledge receipt of the claim in writing, we will keep a record of the date, method and content of the acknowledgement;

         (b) begin any investigation of the claim; and

         (c) request a signed, sworn proof of loss, specify the information you must provide and supply you with the

necessary forms. We may request more information at a later date, if during the investigation of the claim such additional information is necessary.

      (2) we will notify you in writing as to whether:

         (a) the claim or part of the claim will be paid;

         (b) the claim or part of the claim has been denied, and inform you of the reason for denial;

         (c) more information is necessary; or

         (d) we need additional time to reach a decision. If we need additional time, we will inform you of the reasons for such need.

      We will provide notification, as described in (2)(a) through (2)(d) above, within:

         (i) 15 business days after we receive the signed, sworn proof of loss and all information we requested; or

         (ii) 30 days after we receive the signed, sworn proof of loss and all information we re-

Copyright, Insurance Services Office, Inc., 1992

0102899

quested, if we have reason to believe the loss resulted from arson.

If we have notified you that we need additional time to reach a decision, we must then either approve or deny the claim within 45 days of such notice.

b. we will pay for covered loss or damage within 5 business days after:

(1) we have notified you that payment of the claim or part of the claim will be made and have reached agreement with you on the amount of loss; or

(2) an appraisal award has been made.

However, if payment of the claim or part of the claim is conditioned on your compliance with any of the terms of this policy, we will make payment within 5 business days after the date you have complied with such terms

c. Catastrophe Claims

If a claim results from a weather related catastrophe or a major natural disaster, the claim handling and claim payment deadlines described in a. and b. above are extended for an additional 15 days.

Catastrophe or Major Natural Disaster means a weather related event which is:

(1) declared a disaster under the Texas Disaster Act of 1975; or

(2) determined to be a catastrophe by the State Board of Insurance.

d. The term "business day," as used in this endorsement, means a day other than Saturday, Sunday or holiday recognized by the state of Texas.

B. With respect to the Commercial Inland Marine Coverage Part the following is added:

We will not be liable for any part of a "loss" that has been paid or made good by others.

Copyright, Insurance Services Office, Inc., 1992
(Page 2 of 2)

0102699



**GREAT AMERICAN INSURANCE COMPANIES**
Subsidiaries of American Financial Corporation
580 WALNUT STREET, CINCINNATI, OHIO 45202

**IL 02 88**
(Ed. 11 92)

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

## TEXAS CHANGES - CANCELLATION AND NONRENEWAL

This endorsement modifies insurance provided under the following:

BOILER AND MACHINERY COVERAGE PART
COMMERCIAL CRIME COVERAGE PART
COMMERCIAL INLAND MARINE COVERAGE PART

A. The following is added to paragraph 2. of the **CANCELLATION** Common Policy Condition:

We may cancel this policy for any reason except, that under the Texas Insurance Code, we may not cancel this policy solely because the first Named Insured is an elected official.

B. The following condition is added:

NONRENEWAL

We may elect not to renew this policy except, that under the Texas Insurance Code, we may not refuse to renew this policy solely because the first Named Insured is an elected official.

Copyright, Insurance Services Office, Inc., 1992

IL 02 88 (Ed. 11/92) XS

0102699

**GREAT AMERICAN INSURANCE COMPA**
Subsidiaries of American Financial Corporation
580 WALNUT STREET, CINCINNATI, OHIO 45202

IL 09 35
(Ed. 08 98)

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

## EXCLUSION OF CERTAIN COMPUTER-RELATED LOSSES

This endorsement modifies insurance provided under the following:

BOILER AND MACHINERY COVERAGE PART
COMMERCIAL CRIME COVERAGE PART
COMMERCIAL INLAND MARINE COVERAGE PART
COMMERCIAL PROPERTY COVERAGE PART
STANDARD PROPERTY POLICY

A. We will not pay for the ("loss") or damage caused directly or indirectly by the following. Such loss ("loss") or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss ("loss") or damage.

1. The failure, malfunction or inadequacy of:

   a. any of the following, whether belonging to any Insured or to others:

      (1) computer hardware, including microprocessors;

      (2) computer application software;

      (3) computer operating systems and related software;

      (4) computer networks;

      (5) microprocessors (computer chips) not part of any computer system; or

      (6) any other computerized or electronic equipment or components; or

   b. any other products, and any services, data or functions that directly or indirectly use or rely upon, in any manner, any of the items listed in Paragraph A.1.a. of this endorsement;

   due to the inability to correctly recognize, process, distinguish, interpret or accept one or more dates or times. An example is the inability of computer software to recognize the year 2000.

2. Any advice, consultation, design, evaluation, inspection, installation, maintenance, repair, replacement or supervision provided or done by you or for you to determine, rectify or test for, any potential or actual problems described in Paragraph A.1. of this endorsement.

B. If an excluded Cause of Loss as described in Paragraph A. of this endorsement results:

1. in a Covered Cause of Loss under the Boiler And Machinery Coverage Part, the Commercial Crime Coverage Part, the Commercial Inland Marine Coverage Part or the Standard Property Policy; or

2. under the Commercial Property Coverage Part:

   a. in a "Specified Cause of Loss," or in elevator collision resulting from mechanical breakdown, under the Causes of Loss – Special Form; or

   b. in a Covered Cause of Loss under the Causes of Loss – Basic Form or the Causes of Loss – Broad Form;

we will pay only for the loss ("loss") or damage caused by such "Specified Cause of Loss," elevator collision, or Covered Cause of Loss.

C. We will not pay for repair, replacement or modification of any items in Paragraph A.1.a. and A.1.b. of this endorsement to correct any deficiences or change any features.

Copyright, Insurance Services Office, Inc., 1998

09 35 (Ed. 08/98) XS

Case 1:02-cv-00027   Document 1   Filed in TXSD on 02/13/2002   Page 20 of 53



**GREAT AMERICAN INSURANCE COMPANIES**
Subsidiaries of American Financial Corporation
580 WALNUT STREET, CINCINNATI, OHIO 45202

**IL 00 17**
**(Ed 11 98)**

# COMMON POLICY CONDITIONS

All Coverage Parts included in this policy are subject to the following conditions.

## A. CANCELLATION

1. The first Named Insured shown in the Declarations may cancel this policy by mailing or delivering to us advance written notice of cancellation.

2. We may cancel this policy by mailing or delivering to the first Named Insured written notice of cancellation at least:

   a. 10 days before the effective date of cancellation if we cancel for nonpayment of premium; or

   b. 30 days before the effective date of cancellation if we cancel for any other reason.

3. We will mail or deliver our notice to the first Named Insured's last mailing address known to us.

4. Notice of cancellation will state the effective date of cancellation. The policy period will end on that date.

5. If this policy is cancelled, we will send the first Named Insured any premium refund due. If we cancel, the refund will be pro rata. If the first Named Insured cancels, the refund may be less than pro rata. The cancellation will be effective even if we have not made or offered a refund.

6. If notice is mailed, proof of mailing will be sufficient proof of notice.

## B. CHANGES

This policy contains all the agreements between you and us concerning the insurance afforded. The first Named Insured shown in the Declarations is authorized to make changes in the terms of this policy with our consent. This policy's terms can be amended or waived only by endorsement issued by us and made part of this policy.

## C. EXAMINATION OF YOUR BOOKS AND RECORDS

We may examine and audit your books and records as they relate to this policy at any time during the policy period and up to three years afterward.

## D. INSPECTIONS AND SURVEYS

1. We have the right to:

   a. make inspections and surveys at any time;

   b. give you reports on the conditions we find; and

   c. recommend changes.

2. We are not obligated to make any inspections, surveys, reports or recommendations and any such actions we do undertake relate only to insurability and the premiums to be charged. We do not make safety inspections. We do not undertake to perform the duty of any person or organization to provide for the health or safety of workers or the public. And we do not warrant that conditions:

   a. are safe or healthful; or

   b. comply with laws, regulations, codes or standards.

3. Paragraphs 1. and 2. of this condition apply not only to us, but also to any rating, advisory, rate service or similar organization which makes insurance inspections, surveys, reports or recommendations.

4. Paragraph 2. of this condition does not apply to any inspections, surveys, reports or recommendations we may make relative

Copyright, Insurance Services Office, Inc. 1998
(Page 1 of 2)

Case 1:02-cv-00027   Document 1   Filed in TXSD on 02/13/2002   Page 21 of 53

to certification, under state or municipal statutes, ordinances or regulations, of boilers, pressure vessels or elevators.

## E. PREMIUMS

The first Named Insured shown in the Declarations:

1. is responsible for the payment of all premiums; and

2. will be the payee for any return premiums we pay.

## F. TRANSFER OF YOUR RIGHTS AND DUTIES UNDER THIS POLICY

Your rights and duties under this policy may not be transferred without our written consent except in the case of death of an individual Named Insured.

If you die, your rights and duties will be transferred to your legal representative but only while acting within the scope of duties as your legal representative. Until your legal representative is appointed, anyone having proper temporary custody of your property will have your rights and duties but only with respect to that property.

IN WITNESS WHEREOF, we have caused this policy to be executed and attested, and, if required by state law, this policy shall not be valid unless countersigned by our authorized representative.

Secretary

President

Case 1:02-cv-00027   Document 1   Filed in TXSD on 02/13/2002   Page 22 of 53

0102699

**CM 88 01**   (Ed. 11/85)

GREAT AMERICAN INSURANCE COMPANIES
Subsidiaries of American Financial Corporation
580 WALNUT STREET, CINCINNATI, OHIO 45202

Policy: TIM 927-36-04  03

## BUSINESSPRO FORMS AND ENDORSEMENTS SCHEDULE

It is hereby understood and agreed the following forms and endorsements are
attached to and are a part of this policy:

| Form and Edition | | Date Added* or Date Deleted | Form Description |
|---|---|---|---|
| 1. CM0001 | 06/95 | | COMMON INLAND MARINE CONDITIONS |
| 2. CM0112 | 10/90 | | TEXAS CHANGES |
| 3. CM7632 | 09/93 | | TEXAS IM COMMON DEC |
| 4. CM7644 | 12/91 | | CONTR EQUIP DEC SCHEDULED FORM |
| 5. CM7645 | 12/91 | | CONTR EQUIP SCHEDULED COV FORM |
| 6. CM7870 | 06/92 | | CATERPILLAR FINANCIAL SERVICES |
| 7. CM7870 | 06/92 | | FINANCIAL FEDERAL CREDIT. |
| 8. CM7870 | 06/92 | | NUECES POWER EQUIPMENT |
| 9. CM7879 | 10/92 | | FINANCIAL FEDERAL CREDIT |
| 10. CM8802 | 11/85 | | ADDITIONAL POLICY CONDITION(S) |
| 11. IL0017 | 11/98 | | COMMON POLICY CONDITIONS |
| 12. IL0171 | 09/92 | | TEXAS CHANGES - LOSS PAYMENTS |
| 13. IL0288 | 11/92 | | TEXAS CHANGES - CANC/NONRENEW |
| 14. IL0935 | 08/98 | | EXCL - CERTAIN COMPUTER REL LOSSES |

* IF NOT AT INCEPTION

Case 1:02-cv-00027   Document 1   Filed in TXSD on 02/13/2002   Page 23 of 53



**GREAT AMERICAN INSURANCE COMPANIES**
Subsidiaries of American Financial Corporation
580 WALNUT STREET, CINCINNATI, OHIO 45202

CM 00 01
(Ed. 06 95)

# COMMERCIAL INLAND MARINE CONDITIONS

The following conditions apply in addition to the Common Policy Conditions and applicable Additional Conditions in Commercial Inland Marine Coverage Forms:

## LOSS CONDITIONS

### A. ABANDONMENT

There can be no abandonment of any property to us.

### B. APPRAISAL

If we and you disagree on the value of the property or the amount of "loss," either may make written demand for an appraisal of the "loss." In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of "loss." If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

1. pay its chosen appraiser; and

2. bear the other expenses of the appraisal and umpire equally.

If there is an appraisal, we will still retain our right to deny the claim.

### C. DUTIES IN THE EVENT OF LOSS

You must see that the following are done in the event of "loss" to Covered Property:

1. Notify the police if a law may have been broken.

2. Give us prompt notice of the "loss." Include a description of the property involved.

3. As soon as possible, give us a description of how, when and where the "loss" occurred.

4. Take all reasonable steps to protect the Covered Property from further damage and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim. This will not increase the Limit of Insurance. However, we will not pay for any subsequent "loss" resulting from a cause of loss that is not a Covered Cause of Loss. Also if feasible, set the damaged property aside and in the best possible order for examination.

5. Make no statement that will assume any obligation or admit any liability, for any "loss" for which we may be liable, without our consent.

6. Permit us to inspect the property and records proving "loss."

7. If requested, permit us to question you under oath, at such times as may be reasonably required, about any matter relating to this insurance or your claim, including your books and records. In such event, your answers must be signed.

8. Send us a signed, sworn statement of "loss" containing the information we request to settle the claim. You must do this within 60 days after our request. We will supply you with the necessary forms.

9. Promptly send us any legal papers or notices received concerning the "loss."

10. Cooperate with us in the investigation or settlement of the claim.

### D. INSURANCE UNDER TWO OR MORE COVERAGES

If two or more of this policy's coverages apply to the same "loss," we will not pay more than the actual amount of the "loss."

Copyright, Insurance Services Office, Inc., 1994
(Page 1 of 3)

## E. LOSS PAYMENT

We will pay or make good any "loss" covered under this Coverage Part within 30 days after:

1. we reach agreement with you;

2. the entry of final judgment; or

3. the filing of an appraisal award.

We will not be liable for any part of a "loss" that has been paid or made good by others.

## F. OTHER INSURANCE

If you have other insurance covering the same "loss" as the insurance under this Coverage Part, we will pay only the excess over what you should have received from the other insurance. We will pay the excess whether you can collect on the other insurance or not.

## G. PAIR, SETS OR PARTS

1. Pair or Set. In case of "loss" to any part of a pair or set we may:

   a. repair or replace any part to restore the pair or set to its value before the "loss"; or

   b. pay the difference between the value of the pair or set before and after the "loss."

2. Parts. In case of "loss" to any part of Covered Property consisting of several parts when complete, we will only pay for the value of the lost or damaged part.

## H. PRIVILEGE TO ADJUST WITH OWNER

In the event of "loss" involving property of others in your care, custody or control, we have the right to :

1. Settle the "loss" with the owners of the property. A receipt for payment from the owners of that property will satisfy any claim of yours.

2. Provide a defense for legal proceedings brought against you. If provided, the expense of this defense will be at our cost and will not reduce the applicable Limit of Insurance under this insurance.

## I. RECOVERIES

Any recovery or salvage on a "loss" will accrue entirely to our benefit until the sum paid by us has been made up.

## J. REINSTATEMENT OF LIMIT AFTER LOSS

The Limit of Insurance will not be reduced by the payment of any claim, except for total "loss" of a scheduled item, in which event we will refund the unearned premium on that item.

## K. TRANSFER OF RIGHTS OF RECOVERY AGAINST OTHERS TO US

If any person or organization to or for whom we make payment under this insurance has rights to recover damages from another, those rights are transferred to us to the extent of our payment. That person or organization must do everything necessary to secure our rights and must do nothing after "loss" to impair them.

## GENERAL CONDITIONS

## A. CONCEALMENT, MISREPRESENTATION OR FRAUD

This Coverage Part is void in any case of fraud, intentional concealment or misrepresentation of a material fact, by you or any other insured, at any time, concerning:

1. this Coverage Part;

2. the Covered Property;

3. your interest in the Covered Property; or

4. a claim under this Coverage Part.

## B. LEGAL ACTION AGAINST US

No one may bring a legal action against us under this Coverage Part unless:

Copyright, Insurance Services Office, Inc., 1994
(Page 2 of 3)

Case 1:02-cv-00027   Document 1   Filed in TXSD on 02/13/2002   Page 25 of 53

0102699

1. there has been full compliance with all the terms of this Coverage Part; and

2. the action is brought within 2 years after you first have knowledge of the "loss."

## C. NO BENEFIT TO BAILEE

No person or organization, other than you, having custody of Coverage Property, will benefit from this insurance.

## D. POLICY PERIOD

We cover "loss" commencing during the policy period shown in the Declarations.

## E. VALUATION

The value of property will be the least of the following amounts:

1. the actual cash value of that property;

2. the cost of reasonably restoring that property to its condition immediately before "loss"; or

3. the cost of replacing that property with substantially identical property.

In the event of "loss," the value of property will be determined as of the time of "loss."

Copyright, Insurance Services Office, Inc., 1994
(Page 3 of 3)

CM 00 01 (Ed. 06/95) XS

10/29/2001  12:01    9564214680                    BORDER CONTRACTORS          PAGE 16

0102699

GREAT AMERICAN INSURANCE COM... IES
Subsidiaries of American Financial Corporation
680 WALNUT STREET, CINCINNATI, OHIO 45202

CM 76 44    (Ed. 12/91)

Policy:TIM 927-36-04  03

## CONTRACTOR'S EQUIPMENT DECLARATIONS
## SCHEDULED FORM

| NAMED INSURED: BORDER CONTRACTORS, INC. | POLICY PERIOD:<br>08/01/2000 to 08/01/2001 |
|---|---|

| PREMIUM FOR THIS COVERAGE FORM | $  7,641.00 |
|---|---|

**LIMITS OF INSURANCE**
The most we will pay is:
    $611,245 in any one "loss" but not more than the limit of Insurance
shown opposite each item described below or in the schedule attached.

### SCHEDULE OF COVERED PROPERTY

| ITEM NO. | DESCRIPTION | LIMIT OF INSURANCE | R.C. |
|---|---|---|---|
| 0001 | CATERPILLAR 426C, SN-6XN01663. | $50,000 | |
| 0002 | 1999 CATERPILLAR BACKHOE LOADER, MODEL #446B; SN-5BL01944. | $93,821 | |
| 0003 | CATERPILLAR MODEL 950E WHEEL LOADER, SN-22Z4512 | $58,800 | |
| 0004 | (2) CALDWELL TEA-CUP PIPE CARRIER W/SLINGS MOD PC-1    VALUED AT $1,000. EACH | $2,000 | |
| 0005 | (1) HONDA WATER PUMP SN-W2BF1102679 | $600 | |
| 0006 | (1) HONDA WATER PUMP SN-WZBE1187318 | $600 | |
| 0007 | (1) HONDA GENERATOR SN-3MN005 | $1,200 | |
| 0008 | (1) DEWALT SKILLSAW SN-DW382160145 | $150 | |
| 0009 | 1999 C3902X GME TRENCH BOX MODEL-N-816; SN-9902181-2 | $12,000 | |
| 0010 | 1999 C3542X TRENCH BOX MODEL 820DW; SN-98081189-2 | $12,000 | |
| 0011 | 1989 CATERPILLAR 966E WHEEL/LOADER, SN-99Y6701 | $80,657 | |
| 0012 | 2000 LINKBELT MODEL 4300Q HYDRAULIC EXCAVATOR, SN-LE2J0-3448 | $196,750 | |
| 0013 | 2000 CATERPILLAR 446B BACKHOE LOADER, SN-5BL02169 | $102,667 | |

**DEDUCTIBLE**
The deductible amount indicated by (X)
( )        % of the amount of insurance on the insured item(s) lost or
           damaged but not less than
(X)  $        $1,000        ( ) see endorsement attached

| CM 76 44        12/91        (Page  1 of  2 ) |
|---|

10/29/2001 12:01 9564214689 BORDER CONTRACTORS PAGE 17

0102699

CM 76 44 (Ed. 12/91)

GREAT AMERICAN INSURANCE COM....NIES
Subsidiaries of American Financial Corporation
580 WALNUT STREET, CINCINNATI, OHIO 45202

Policy:TIM 927-36-04 03

## CONTRACTOR'S EQUIPMENT DECLARATIONS
## SCHEDULED FORM

FORMS AND ENDORSEMENTS applying to this Coverage Part and made part of this Policy at time of issue:
SEE CM 88 01 11/85

CM 76 44 12/91 (Page 2 of 2)

Case 1:02-cv-00027   Document 1   Filed in TXSD on 02/13/2002   Page 28 of 53



GREAT AMERICAN INSURANCE COMPANIES
Subsidiaries of American Financial Corporation
580 WALNUT STREET, CINCINNATI, OHIO 45202

CM 76 4
(Ed. 12 9

# CONTRACTOR'S EQUIPMENT

# SCHEDULED COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is or is not covered.

Throughout this policy, the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we," "us" and "our" refer to the Company providing this insurance.

Other words and phrases that appear in quotation marks have special meaning. Refer to paragraphs headed DEFINITIONS.

### A. COVERAGE

We will pay for "loss" to Covered Property from any of the Covered Causes of Loss.

1. Covered Property, as used in this Coverage Form means:

   a. your contractor's equipment and tools;

   b. similar property of others in your care, custody or control;

   described in the Declarations.

2. Property Not Covered

   Covered Property does not mean:

   a. property while loaned, leased or rented to others, unless you provide the operator;

   b. blue prints, mechanical drawings, plans or specifications;

   c. tires and tubes, unless "loss" is coincidental with other covered "loss;"

   d. aircraft, watercraft, motor vehicles designed for transporting passengers or freight c the highway;

   e. equipment or tools while waterborne, unless Covered Property is on regular ferrie railroad carfloats;

   f. property while underground or underwater;

   g. contraband, or property in the course of illegal transportation or trade.

3. Covered Causes of Loss

   Covered Causes of Loss means Risks of Direct Physical "Loss" to the Covered Property those causes of "loss" listed in the Exclusions.

4. **Coverage Extension**

   a. **Debris Removal**

      (1) We will pay your expense to remove debris of Covered Property caused by or resulting from an insured peril that occurs during the policy period. The expenses will be paid only if they are reported to us within 180 days of the earlier of:

         (a) The date of direct physical loss or damage; or

         (b) The end of the policy period.

      (2) The most we will pay under this coverage is the lesser of:

         (a) 25% of the applicable Limit of Insurance for direct physical loss to Covered Property; or

         (b) $25,000.

         The limit of Debris Removal is separate from the Limit of Insurance stated elsewhere in the policy.

         The Coinsurance provision, if any, in this policy does not apply to this additional coverage.

      (3) The additional coverage does not apply to cost to:

         (a) Extract "pollutants" from land or water; or

         (b) Remove, restore or replace polluted land or water.

   b. **Additionally Acquired Property**

      We will insure additional equipment items similar to those scheduled, which you buy or lease "long term," but not beyond:

      (1) 30 days; or

      (2) the end of the policy period

      whichever occurs first.

      The most we will pay in a "loss" under this Coverage Extension is the lesser of:

      (1) 25% of the policy loss limits; or

      (2) $150,000

      You must report these items to us within thirty (30) days after you obtain them. Premium will be charged from the date of acquisition. If you fail to report new items within the thirty (30) day period coverage will end automatically at the earlier of:

      (1) 30 days after the date you acquire the property; or

Case 1:02-cv-00027  Document 1  Filed in TXSD on 02/13/2002  Page 30 of 53

0102699 ·

(2)  the end of the policy period.

The Coinsurance Additional Condition does not apply to this Coverage Extension.

This extension of coverage applies only to equipment which you buy or lease on a "long term" basis.

## B. EXCLUSIONS

1.  We will not pay for a "loss" caused directly or indirectly by any of the following. Such "loss" is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the "loss."

    a.  **Governmental Action**

    Seizure or destruction of property by order of governmental authority.

    But we will pay for acts of destruction ordered by governmental authority and taken at the time of a fire to prevent its spread if the fire would be covered under this Coverage Form.

    b.  **Nuclear Hazard**

    (1)  any weapon employing atomic fission or fusion, or

    (2)  nuclear reaction or radiation, or radioactive contamination from any other cause. But we will pay for direct "loss" caused by resulting fire if the fire would be covered under this Coverage Form.

    c.  **War and Military Action**

    (1)  war, including undeclared or civil war;

    (2)  warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

    (3)  insurrection, rebellion, revolution, usurped power or action taken by governmental authority in hindering or defending against any of these.

2.  We will not pay for a "loss" caused by or resulting from any of the following:

    a.  Delay, loss of use, loss of market or any other consequential loss.

    b.  Dishonest acts by:

    (1)  You, your employees or authorized representatives;

    (2)  Anyone else with an interest in the property, or their employees or authorized representatives;

    (3)  Anyone else (other than a "carrier" for hire) to whom you entrust the property.

    This exclusion applies whether or not such persons are acting alone or in collusion with other persons or such acts occur during the hours of employment.

Case 1:02-cv-00027   Document 1   Filed in TXSD on 02/13/2002   Page 31 of 53

c.  Unexplained disappearance or shortage found upon taking inventory.

d.  Artificially generated current creating a short circuit or other electric disturbance within Covered Property.

   But, we will pay for "loss" caused by resulting fire or explosion.

e.  Processing or any work upon property covered.

   But, we will pay for "loss" caused by resulting fire or explosion.

f.  The weight of the load exceeding the lifting capacity of any equipment. Such lifting capacity shall be stated in the manufacturer's operating specifications for the operating conditions existing at the time of "loss."

3.  We will not pay for a "loss" caused by or resulting from any of the following. But if "loss" by a Covered Cause of Loss results, we will pay for that resulting "loss."

   a.  Gradual deterioration, hidden or latent defects, any quality in the property that causes it to damage or destroy itself, wear and tear, depreciation, corrosion, rust, dampness, cold or heat.

   b.  Mechanical breakdown or failure of Covered Property.

## C.  DEDUCTIBLE

We will pay the amount of the adjusted "loss" in any one occurrence in excess of the Deductible amount shown in the Declarations, up to the applicable Limit of Insurance.

## D.  ADDITIONAL CONDITIONS

The following conditions apply in addition to the Commercial Inland Marine Conditions and Common Policy Conditions:

1.  **Coverage Territory**

   We cover property within:

   a.  the states of the United States (excluding Alaska);

   b.  Canada.

2.  **Coinsurance**

   You must carry sufficient insurance in order to avoid a penalty at the time of "loss." We will pay only the proportion of any "loss" that the applicable Limits of Insurance in the Schedule bears to 80% of the actual cash value of the item(s) involved at the time of "loss." Our payments won't exceed the Limit of Insurance shown in the Schedule for the item.

3.  **Impairment of Rights of Recovery**

   If you agree before or after a "loss" to waive your rights of recovery against any person or organization responsible for the "loss," we shall not cover your "loss." Nor shall we cover a "loss" when you settle or compromise with others without our consent.

M 76 45 (Ed. 12/91) XS                    (Page 4 of 5)

E. DEFINITIONS

"**Loss**" means accidental loss or damage.

"**Carrier**" means a person or organization who provides motor, rail or air transportation for compensation.

"**Long term**" means twelve (12) consecutive months or more.

"**Pollutant**" means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled reconditioned or reclaimed.

Case 1:02-cv-00027   Document 1   Filed in TXSD on 02/13/2002   Page 33 of 53

0102899

**CM 78 70**   (Ed.06/92)

·Policy: TIM 927-36-04   03

**Great American Insurance Companies**
Subsidiaries of American Financial Corporation
580 Walnut Street, Cincinnati, Ohio 45202

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.
## LOSS PAYABLE PROVISIONS
### This applies to coverage for Inland Marine CONTRACTOR'S EQUIPMENT

NAME:   CATERPILLAR FINANCIAL SERVICES
        CORPORATION
ADDRESS: 4975 PRESTON PARK, STE 280
        PLANO, TX   75093

Applies to the following listed items only:

| Item No. | Description | Limit of Insurance |
|---|---|---|
| 0001 | CATERPILLAR 426C, SN-6XN01663. | $50,000 |
| 0002 | 1999 CATERPILLAR BACKHOE LOADER, MODEL #446B; SN-5BL01944. | $93,821 |
| 0011 | 1989 CATERPILLAR 966E WHEEL/LOADER, SN-99Y6701 | $80,657 |
| 0013 | 2000 CATERPILLAR 446B BACKHOE LOADER, SN-5BL02169 | $102,667 |

## LOSS PAYABLE

For Covered Property in which both you and a Loss Payee shown above have
an insurable interest, we will:

1.   adjust losses with you; and

2.   pay any claim for loss or damage jointly to you and the Loss Payee, as
    interest may appear.

### OTHER TERMS REMAIN THE SAME

CM 78 70      06/92              (Page   1 of   1 )

Case 1:02-cv-00027   Document 1   Filed in TXSD on 02/13/2002   Page 34 of 53

0102699

**Great American Insurance Compan...**
Subsidiaries of American Financial Corporation
580 Walnut Street, Cincinnati, Ohio 45202

CM 78 70   (Ed. 06/92)

Policy: TIM 927-36-04  03

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

## LOSS PAYABLE PROVISIONS

## This applies to coverage for Inland Marine CONTRACTOR'S EQUIPMENT

NAME:    FINANCIAL FEDERAL CREDIT,
         INC.
ADDRESS: 1300 POST OAK BLVD., STE 1300
         HOUSTON, TX

Applies to the following listed items only:

| Item No. | Description | Limit of Insurance |
|---|---|---|
| 0003 | CATERPILLAR MODEL 950E WHEEL LOADER, SN-22Z4512 | $58,800 |
| 0012 | 2000 LINKBELT MODEL 4300Q HYDRAULIC EXCAVATOR, SN-LE2J0-3448 | $196,750 |

## LOSS PAYABLE

For Covered Property in which both you and a Loss Payee shown above have
an insurable interest, we will:

1.  adjust losses with you; and

2.  pay any claim for loss or damage jointly to you and the Loss Payee, as
    interest may appear.

OTHER TERMS REMAIN THE SAME

CM 78 70      06/92              (Page  1 of  1 )

Case 1:02-cv-00027   Document 1   Filed in TXSD on 02/13/2002   Page 35 of 53

0102699

Great American Insurance Compani-
Subsidiaries of American Financial Corporation
580 Walnut Street, Cincinnati, Ohio 45202

M 78 70    (Ed. 06/92)

**Policy: TIM 927-36-04   03**

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

## LOSS PAYABLE PROVISIONS

## This applies to coverage for Inland Marine CONTRACTOR'S EQUIPMENT

NAME:    NUECES POWER EQUIPMENT

ADDRESS: P. O. BOX 4789
         CORPUS CHRISTI, TX  78469

Applies to the following listed items only:

| Item No. | Description | Limit of Insurance |
|---|---|---|
| 0009 | 1999 C3902X GME TRENCH BOX MODEL-N-816; SN-9902181-2 | $12,000 |
| 0010 | 1999 C3542X TRENCH BOX MODEL 820DW; SN-98081189-2 | $12,000 |

## LOSS PAYABLE

For Covered Property in which both you and a Loss Payee shown above have an insurable interest, we will:

1.  adjust losses with you; and

2.  pay any claim for loss or damage jointly to you and the Loss Payee, as interest may appear.

OTHER TERMS REMAIN THE SAME

Case 1:02-cv-00027   Document 1   Filed in TXSD on 02/13/2002   Page 36 of 53

GREAT AMERICAN INSURANCE COMP~.. _S          CM 78 79
Subsidiaries of American Financial Corporation      (Ed. 10 92)
880 WALNUT STREET, CINCINNATI, OHIO 45202

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

## ADDITIONAL INSURED
This applies to coverage for Inland Marine CONTRACTOR'S EQUIPMENT

Name:    FINANCIAL FEDERAL CREDIT

Address: 1300 POST OAK BLVD., STE 1300
         HOUSTON                    TX 77056

Attention:

Applies to any Covered Property in which the above Additional Insured
has an interest.

ADDITIONAL INSURED

For Covered Property in which both you and an Additional Insured
shown above have an insurable interest, we will:

1.   adjust losses with you; and

2.   pay any claim for loss or damage jointly to you and the Additional
     Insured, as interest may appear.

Other Terms Remain The Same

CM 78 79 (Ed. 10/92) PRO          (Page 1 of 1)

Case 1:02-cv-00027   Document 1   Filed in TXSD on 02/13/2002   Page 37 of 53

0102699

GREAT AMERICAN INSURANCE COMP.
Subsidiaries of American Financial Corporation
580 WALNUT STREET, CINCINNATI, OHIO 45202

CM 88 02 (Ed. 11 85)

## BUSINESSPRO GENERAL ENDORSEMENT

ADDITIONAL POLICY CONDITION(S)

YOU AGREE TO BRING THIS EQUIPMENT BACK TO YOUR YARD DURING NON-
WORKING HOURS OR NO COVERAGE FOR THEFT OR VANDALISM AND MALICIOUS
MISCHIEF APPLIES DURING NON-WORKING HOURS.

Case 1:02-cv-00027   Document 1   Filed in TXSD on 02/13/2002   Page 38 of 53

0102699

GREAT AMERICAN INSURANCE COMPANIES
Subsidiaries of American Financial Corporation
580 WALNUT STREET, CINCINNATI, OHIO 45202

CM 01 12
(Ed. 10 90)

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## TEXAS CHANGES

This endorsement modifies insurance provided under the following:

COMMERCIAL INLAND MARINE COVERAGE PART

A. Commercial Inland Marine Loss Condition B. APPRAISAL is replaced by the following:

  **B. Appraisal**

  If we and you disagree on the value of the property or the amount of "loss," either may make written demand, within 60 days after our receipt of a signed, sworn statement of "loss," for an appraisal of the "loss." In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree for 15 days upon such umpire, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of "loss." If they fail to agree, they will submit their difference to the umpire. A decision agreed to by any two will be binding. Each party will:

  1. pay its chosen appraiser; and

  2. bear the other expenses of the appraisal and umpire equally.

  If there is an appraisal, we will still retain our right to deny the claim.

B. Paragraph 8. of Commercial Inland Marine Loss Condition C. DUTIES IN THE EVENT OF LOSS is replaced by the following:

  8. Send us a signed, sworn statement of "loss" containing the information we request to settle the claim. You must do this within 91 days after our request. We will supply you with the necessary forms.

C. Paragraph 2. of Commercial Inland Marine General Condition B. LEGAL ACTION AGAINST US is replaced by the following:

  2. The action is brought within 2 years and 1 day after you first have knowledge of "loss."

D. Paragraphs A.5.a. and A.5.b. of the Coverage Extensions and paragraph F.2. of the Definitions in the EQUIPMENT DEALERS COVERAGE FORM are deleted

Copyright, Insurance Services Office, Inc., 1990

CM 01 12 (Ed. 10/90) XS

# GUIDE TO POLICY CONSTRUCTION

A Great American Insurance Company Business policy consists of:

A. A policy Jacket, containing company officers' signatures;

B. A common Policy Declarations;

C. Common Policy Conditions;

D. One or more underlying lines of insurance Policy Declarations;

E. One or more Coverage Parts (each line of insurance is a coverage part) for each line of insurance Declarations.

Each Coverage Part consists of:

1. A line of insurance Conditions form (if applicable);

2. One or more Cause of Loss forms (if applicable);

3. Applicable Endorsements.

Property & IM Claims
49 East Fourth Street
Dixie Terminal North Building
Suite 300
Cincinnati, OH 45202-3803
513 287.8277 ph

PO Box 5440
Cincinnati, OH 45202-5440
800 584 0835 toll-free

RECEIVED

AUG 2 7 2001



**GREAT**AMERICAN.

**INSURANCE GROUP**

August 1, 2001


Border Contractors Inc.
28226 Dilworth Road
Harlingen, Texas 78562
ATTN: Darlene


## DECLINATION OF COVERAGE, CERTIFIED MAIL, RETURN RECEIPT REQUESTED


RE: Claim no.          :          571521248
    Insured            :          Border Contractors Inc.
    Date of loss       :          July 12, 2001


Dear Darlene,

On July 13, 2001, we received the above captioned claim. The loss pertains to the theft of a 2000 Cat 446 B Backhoe from your job site located three miles south of US 83.

The above captioned claim was presented for consideration of coverage under policy number TIM 9273604, inception date August 1, 2000, expiration date August 1, 2001. Our policy is written under the **CONTRACTORS EQUIPMENT SCHEDULED COVERAGE FORM (CM7645 ED. 12/91).**

During our investigation, we determined that the backhoe was stolen from the job site after business hours on the date in question. It is clear that the unit in question was not brought back to your main location yard after business hours and that this theft was off premises.

PLAINTIFF'S EXHIBIT

NO. 2

We now refer you to your policy form (CM8802) ADDITIONAL POLICY CONDITIONS, page 1 of 1:

You agree to bring this equipment back to your yard during non working hours or no coverage for theft or vandalism and malicious mischief applies during non working hours.

Please be advised that we have concluded our investigation of this matter. It is clear that the property in question was taken from a job site away from your storage yard after business hours. It is based on this information that we must respectfully decline any and all coverage with respect to this matter.

Please be advised that this letter does not constitute and is not intended as a waiver of any undisclosed existing or future violations of any other terms of the policy contract. If you currently possess or obtain in the future any information which may have a bearing on our decision, please forward it to us for our review and consideration.

If you have any specific questions or concerns regarding this correspondence, please contact the undersigned at 800-689-0744.

Sincerely,

Ron Henderson, AIC
Claims Specialist

c.c.    Jarrett Insurance Brokers
        10210 N. Central Expressway Suite 500
        Dallas, Texas  75231

Case 1:02-cv-00027   Document 1   Filed in TXSD on 02/13/2002   Page 42 of 53

COPY    1405

Citation for Personal Service - <u>NON-RESIDENT NOTICE</u>      Lit. Seq. # <u>5.002.01</u>

No. <u>2002-01-000310-C</u>

T H E   S T A T E   O F   T E X A S                 DELIVERED BY _____
                                                    DATE __1/28/02__

        NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If
you or your attorney do not file a written answer with the clerk who issued this
citation by 10:00 a.m. on the Monday next following the expiration of twenty
days after you were served this citation and petition, a default judgment may be
taken against you.

TO: <u>GREAT AMERICAN INSURANCE CO. OF NEW YORK</u>
    <u>BY SERVING ITS REGISTERED</u>
    <u>AGENT C.T. CORPORATE SYSTEMS</u>
    <u>350 NORTH SAINT PAUL STREET</u>
    <u>DALLAS, TEXAS 75201</u>

the _____<u>DEFENDANT</u>_____, GREETING:

        You are commanded to appear by filing a written answer to the

<u>PLAINTIFF'S ORIGINAL PETITION</u>

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20
days after the date of service of this citation before the Honorable District
Court <u>197th</u> Judicial District of Cameron County, Texas at the Courthouse of said
county in Brownsville, Texas.  Said _____<u>PETITION</u>_____ was filed on
<u>JANUARY 24, 2002</u>.  A copy of same accompanies this citation.

The file number of said suit being No. <u>2002-01-000310-C</u>.

The style of the case is:

                    <u>BORDER CONTRACTORS, INC.</u>
                              <u>VS.</u>
            <u>GREAT AMERICAN INSURANCE COMPANY OF NEW YORK</u>

Said petition was filed in said court by _____<u>HON. ROBERT J. BANKS</u>
(Attorney for _____<u>PLAINTIFF</u>_____), whose address is
<u>218 EAST HARRISON AVENUE HARLINGEN TX  78550</u>                    .

        The nature of the demand is fully shown by a true and correct copy of the
Petition accompanying this citation and made a part hereof.

        The officer executing this writ shall promptly serve the same according to
requirements of law, and the mandates thereof, and make due return as the law
directs.

        Issued and given under my hand and seal of said Court at Brownsville,
Texas, this the <u>24th</u> day of <u>JANUARY</u>, A.D. <u>2002</u>.



<u>AURORA DE LA GARZA</u>    , DISTRICT CLERK
Cameron County, Texas
974 E. Harrison St.
Brownsville, Texas 78521
By_____ _____ Deputy
        Eloisa Guerrero

FILED _11:00_ O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK

FEB 1 3 2002

DISTRICT COURT OF CAMERON COUNTY, TEXAS
BY _____ DEPUTY

### CAUSE NO. 2002-01-000310-C

| | | |
|---|---|---|
| BORDER CONTRACTORS, INC. | * | IN THE DISTRICT COURT |
| | * | |
| VS. | * | CAMERON COUNTY, TEXAS |
| | * | |
| GREAT AMERICAN INSURANCE | * | |
| COMPANY OF NEW YORK | * | 197th JUDICIAL DISTRICT |

## DEFENDANT GREAT AMERICAN INSURANCE COMPANY OF NEW YORK'S ORIGINAL ANSWER AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, Defendant in the above entitled and numbered cause, and files this its Original Answer and Jury Demand, in response to Plaintiff's Original Petition, and in support thereof would show the Court as follows:

### I.

### GENERAL DENIAL

Defendant Great American Insurance Company of New York herein avails itself of the opportunity provided by Rule 92 of the Texas Rules of Civil Procedure to file a general denial herein; and in compliance with said Rule, Defendant denies each and every, all and singular, the material allegations contained in Plaintiff's Original Petition, and states that these are matters that should be proven by Plaintiff as required by law; and Defendant would require strict proof thereof.

### II.

### AFFIRMATIVE DEFENSES

2.01   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that the insurance policy in question excluded any coverage for theft, vandalism, or malicious mischief during non-working hours if the equipment was not returned to the storage yard during non-working hours. Plaintiff failed to comply with this endorsement, and therefore, coverage is excluded under the policy.

2.02   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Plaintiff's claims are barred, in whole or in part, due to Plaintiff's contributory negligence, gross negligence, and recklessness in that it failed to exercise ordinary care, caution and prudence to avoid the incident which is the basis of this cause of action. Plaintiff's acts and omissions, whether taken together or separately, proximately caused the injuries and damages to Plaintiff which are alleged in Plaintiff's Original Petition.

2.03   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that the act or omission of a person other than Defendant was the sole proximate cause of the Plaintiff's alleged injuries.

2.04   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that the acts or omissions of other third parties were the sole proximate cause or a new and independent cause of the incident and injuries complained of in this lawsuit.

2.05   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate the effect of its alleged injuries and damages as required by law.

2.06   For further answer, if such be necessary, and pleading in the alternative, Defendant further specifically denies that it is liable for prejudgment interest as pled by Plaintiff.

III.

JURY DEMAND

Defendant hereby requests a trial by jury and tenders the jury fee herewith.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff take nothing by its suit, and that Defendant be awarded its costs and attorney's fees, and

have such other and further relief, general and specific, at law or in equity, to which it may show itself justly entitled to receive.

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

By: _____

Mitchell C. Chaney   *w/ permission*
State Bar No. 04107500   *MCfontail*
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170

ATTORNEYS FOR DEFENDANT
GREAT AMERICAN INSURANCE
COMPANY OF NEW YORK

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendant Great American Insurance Company of New York's Original Answer and Jury Demand was served upon all counsel of record, to-wit:

Robert J. Banks
218 East Harrison Avenue
Harlingen, Texas 78550-9134
Attorneys for Plaintiff

by certified mail, return receipt requested, facsimile transmission, and/or hand delivery pursuant to the Texas Rules of Civil Procedure on this the 13th day of February, 2002.

_____

Mitchell C. Chaney   *w/ permission*
*MCfontail*

# CAUSE NO. 2002-01-000310-C

| | | |
|---|---|---|
| BORDER CONTRACTORS, INC. | * | IN THE DISTRICT COURT |
| | * | |
| VS. | * | CAMERON COUNTY, TEXAS |
| | * | |
| GREAT AMERICAN INSURANCE | * | |
| COMPANY OF NEW YORK | * | 197th JUDICIAL DISTRICT |

## NOTICE TO THE DISTRICT CLERK OF FILING OF NOTICE OF REMOVAL

TO: HONORABLE AURORA DE LA GARZA
      Cameron County District Clerk
      Cameron County Courthouse
      974 East Harrison
      Brownsville, Texas 7850

You will please take notice that Defendant Great American Insurance Company of New York has filed in the United States District Court for the Southern District of Texas, Brownsville Division, a notice of removal of the cause styled: <u>Border Contractors, Inc. v. Great American Insurance Company of New York</u>, originally filed in the 103rd Judicial District Court of Cameron County, Texas, Cause Number 2002-01-000310-C, to the United States District Court for the Southern District of Texas, Brownsville Division, and that a true and correct copy of said Notice of Removal is being filed with the Clerk of the 197th Judicial District Court to thereby effect a removal to said District Court of the United States, and that the State Court shall proceed no further, unless the cause is remanded. A copy of said notice of removal is attached to this notice.

WITNESS the signature of Defendants, through their attorney, on this the 13th day of February, 2002.

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

By: _____Mitchell Chaney_____
         Mitchell C. Chaney w/ permission
Attorney-in-Charge                  rcbntolll
State Bar No. 04107500
Federal Admissions No. 1918
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170

ATTORNEYS FOR DEFENDANT,
GREAT AMERICAN INSURANCE
COMPANY OF NEW YORK

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Notice to District Clerk of Filing of Notice of Removal was served upon all counsel of record, to-wit:

Robert J. Banks
218 East Harrison Avenue
Harlingen, Texas 78550-9134
Attorneys for Plaintiff

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission pursuant to the Federal Rules of Civil Procedure, on this the 13th day of February, 2002.

_____Mitchell Chaney_____
Mitchell C. Chaney   w/ permission
                            rcbntolll

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

BORDER CONTRACTORS, INC., a Texas    *
Corporation,    *
     Plaintiff    *
   *
VS.    *    CIVIL ACTION NO. B-02- U27
   *
GREAT AMERICAN INSURANCE    *
COMPANY OF NEW YORK,    *
     Defendant    *

## NOTICE TO THE PLAINTIFF OF FILING
## OF NOTICE OF REMOVAL

TO:   BORDER CONTRACTORS, INC., Plaintiff, and its attorney:

Robert J. Banks
218 East Harrison Avenue
Harlingen, Texas 78550-9134

PURSUANT to Title 28 U.S.C., Section 1446(d), as amended, you are hereby notified that on the 13th day of February, 2002, in the above styled and numbered cause (being Cause Number 2002-01-000310-C in the 197th Judicial District Court of Cameron County, Texas), GREAT AMERICAN INSURANCE COMPANY OF NEW YORK filed its Notice of Removal in the United States District Court for the Southern District of Texas, Brownsville Division. Copies of such Notice and other papers so filed are attached hereto.

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.


By: _____

Mitchell C. Chaney
Attorney-in-Charge
State Bar No. 04107500
Federal Admissions No. 1918
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170

ATTORNEYS FOR DEFENDANT
GREAT AMERICAN INSURANCE
COMPANY OF NEW YORK

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

BORDER CONTRACTORS, INC., a Texas    *
Corporation,    *
     Plaintiff    *
   *
VS.    *    CIVIL ACTION NO. **B-02- 027**
   *
GREAT AMERICAN INSURANCE    *
COMPANY OF NEW YORK,    *
     Defendant    *

## INDEX OF ATTORNEYS

1.     Robert J. Banks
      State Bar No. 01686020
      Federal Admissions No. unknown
      218 East Harrison Avenue
      Harlingen, Texas 78550-9134
      (956) 423-3745
      Fax (956) 423-3746
      Attorneys for Plaintiff

2.     Mitchell C. Chaney
      State Bar No. 04107500
      Federal Admissions No. 1918
      Rodriguez, Colvin & Chaney, L.L.P.
      1201 East Van Buren
      Post Office Box 2155
      Brownsville, Texas 78522
      (956) 542-7441
      Fax (956) 541-2170
      Attorneys for Defendant Great American Insurance Company of New York

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

BORDER CONTRACTORS, INC., a Texas    *
Corporation,            *
     Plaintiff          *
              *   CIVIL ACTION NO. B-02- 027
VS.              *
              *
GREAT AMERICAN INSURANCE    *
COMPANY OF NEW YORK,     *
     Defendant        *

## INDEX OF DOCUMENTS FILED

1.  Civil Cover Sheet

2.  Notice of Removal with following attachments:

   a.  State Court's Docket Sheet
   b.  Plaintiff's Original Petition
   c.  Citation served on Great American Insurance Company of New York
   d.  Defendant Great American Insurance Company of New York's Original
     Answer and Jury Demand

3.  Notice to Plaintiff of Filing of Notice of Removal

4.  Notice to District Clerk of Filing of Notice of Removal

5.  Index of Attorneys

6.  Index of Documents

7.  Order for Conference and Disclosure of Interested Parties

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

BORDER CONTRACTORS, INC., a Texas   *
Corporation,   *
     Plaintiff   *
  *
VS.   *     CIVIL ACTION NO. **B-02- 027**
  *
GREAT AMERICAN INSURANCE   *
COMPANY OF NEW YORK,   *
     Defendant   *

## ORDER FOR CONFERENCE AND DISCLOSURE OF INTERESTED PARTIES

1.    Counsel shall appear for an initial pretrial and scheduling conference before

U. S. Judge _____
on _____, 2002 at _____ o'clock ____.m.
at the United States District Courthouse
Brownsville, Texas
(conference may be held telephonically if requested)

2.    Counsel shall prepare and file with the clerk within fifteen days from receipt of this order a certificate listing all persons, associations of persons, firms, partnerships, corporations, affiliates, parent corporations, or other entities that are financially interested in the outcome of this litigation. If group can be specified by a general description, individual listing is not necessary. <u>Underline the name of each corporation whose securities are publicly traded.</u> If new parties are added or if additional persons or entities that are financially interested in the outcome of the litigation are identified at any time during the pending of this litigation, then each counsel shall promptly file an amended certificate with the clerk.

3.    Fed. R. Civ. P. 4(m) requires defendant(s) to be served within 120 days after the filing of the complaint. The failure of plaintiff(s) to file proof of service within 120 days after the filing of the complaint may result in dismissal of this action by the court on its own initiative.

4.    After the parties meet as required by Fed. R. Civ. P. 26(f), counsel shall prepare and file not less than 10 days before the conference, a joint report of meeting and joint discovery/case management plan containing the information required on the attached form.

5.    The Court will enter a scheduling order and may rule on any pending motions at the conference.

6.     Counsel who file(s) or remove(s) an action *is responsible for providing the other parties with a copy of this order and in addition* must serve a copy of this order with the summons and complaint or with the notice of removal.

7.     Attendance by an attorney who has authority to bind the party is required at the conference.

8.     Counsel shall discuss with their clients and each other whether alternative dispute resolution is appropriate and at the conference shall advise the Court of the results of their discussions.

9.     A person litigating pro se is bound by the requirements imposed upon counsel in this Order.

10.    Failure to comply with this order may result in sanctions, including dismissal of the action and assessment of fees and costs.

By Order of the Court