IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 3 1 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| BORDER CONTRACTORS, INC. | * |
| | * |
| VS. | * Civil Action No. B-02-027 |
| | * |
| GREAT AMERICAN INSURANCE | * |
| COMPANY OF NEW YORK | * |

**PLAINTIFF'S AND DEFENDANT'S
JOINT DISCOVERY/CASE MANAGEMENT PLAN**

BORDER CONTRACTORS, INC., Plaintiff, and GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, Defendant, file their Joint Discovery/Case Management Plan, as required by the Cost and Delay Reduction Plan in the Civil Justice Reform Act of 1990 adopted by the Court on October 24, 1991.

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identifies the counsel who attended for each party.

   Counsel met by telephone on May 31, 2002. Counsel attended were:

   Robert A. Banks, plaintiff's counsel

   Teri L. Danish, defendant's counsel

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

   None.

3. Briefly describe what this case is about.

   The plaintiff alleges claims for breach of contract and breach of covenant of good faith and fair dealing in connection with the loss of plaintiff's property, specifically a 2000 Caterpillar 446B Backhoe Loader.

4.  Specify the allegation of federal jurisdiction.

    Jurisdiction is proper in this court on the basis of diversity.

5.  Name the parties who disagree and the reasons.

    The parties are in agreement that jurisdiction is proper in this Court.

6.  List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

    None.

7.  List anticipated interventions.

    None.

8.  Describe class-action issues.

    None.

9.  State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

    The parties will exchange initial disclosures within fifteen days of the initial pretrial conference.

10. Describe the proposed agreed discovery plan, including:

    A)  Responses to all the matters raised in Rule26(f).

        The parties discussed all matters raised in Rule 26(f).

    B)  When and to whom the Plaintiff anticipates it may send interrogatories.

        Plaintiff will propound interrogatories on Defendant within the discovery period.

C) When and to whom the Defendant anticipates it may send interrogatories.

Defendants will propound interrogatories on Plaintiff within the discovery period.

D) Of whom and by when the Plaintiff anticipates taking oral depositions.

Plaintiff anticipates taking Defendant's deposition within 90 days of the initial pretrial conference and taking depositions of fact and expert witnesses, if any, within the discovery period.

E) Of whom and by when the defendant anticipates taking oral depositions.

Defendant anticipates taking the Plaintiff's deposition within 60 days of the initial pretrial conference and taking depositions of fact and expert witnesses, if any, within the discovery period.

F) When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

Plaintiff will designate experts, if any, and will provide required reports no later than 60 days before the end of the discovery period. Defendant will designate experts, if any, and will provide expert reports by 30 days before the end of the discovery period.

G) List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

The parties will complete expert depositions by the end of the discovery period.

H) List expert depositions the opposing party anticipates taking their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

The parties will complete expert depositions by the end of the discovery period.

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

Parties are in agreement.

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

    None.

13. State the date the planned discovery can reasonably be completed.

    October 31, 2002.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

    The parties will consider mediation at a time deemed appropriate by parties and counsel.

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

    No discussion to date.

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.

    Mediation appears to be the technique most reasonably suitable in this case. The month of October appears to be the most appropriate time.

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    The parties have no objection to trial before a magistrate judge.

18. State whether a jury demand has been made and if it was made on time.

    Defendant timely made a jury demand.

19. Specify the number of hours it will take to present the evidence in this case.

    The parties anticipate approximately 25 hours to complete the trial.

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    None pending. However, defendant is preparing a motion to dismiss, or in the alternative, motion for summary judgment to be filed by July 15, 2002.

21. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    None.

22. List the names, bar numbers, addresses and telephone numbers of all counsel.

    Mitchell C. Chaney
    Fed. No. 1918
    State Bar No. 04107500
    Teri L. Danish
    Fed. No. 12862
    State Bar No. 05375320
    Rodriguez, Colvin & Chaney, L.L.P.
    1201 East Van Buren
    Brownsville, Texas 78520
    Telephone: (956) 542-7441
    Facsimile: (956) 541-2170

    Robert J. Banks
    Fed. No. 10703
    State Bar No. 01686020
    218 East Harrison Avenue
    Harlingen, Texas 78550-9134
    Telephone: (956) 423-3745
    Facsimile: (956) 423-3746

		Respectfully submitted,

		_____
		Mitchell C. Chaney
		Fed. No. 1918

State Bar No. 4107500

1201 East Van Buren
Brownsville, Texas 78520
Telephone: (956) 542-7441
Telefax : (956) 541-2170

ATTORNEY FOR DEFENDANT

OF COUNSEL:

**RODRIGUEZ, COLVIN & CHANEY, LLP**
Teri L. Danish
Fed. No. 12862
State Bar No. 05375320

Robert J. Banks (b/perm.)
Fed. No. 10703
State Bar No. 01686020
218 East Harrison Avenue
Harlingen, Texas 78550-9134
Telephone No.: 956/423-3745
Telecopier No.: 956/423-3746

ATTORNEY FOR PLAINTIFF
BORDER CONTRACTORS, INC.

## CERTIFICATE OF SERVICE

I, Teri L. Danish, hereby certify that a true and correct copy of the foregoing document has been forwarded to the following counsel of record, by certified mail, return receipt requested on the 31st day of May, 2001.

>Robert J. Banks
>218 East Harrison Avenue
>Harlingen, Texas 78550-9134

_____
Teri L. Danish