*13*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 1 1 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| Border Contractors, Inc., | : | |
| a Texas corporation, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| vs. | : | CIVIL ACTION NO. B-02-027 |
| | : | |
| Great American Insurance | : | |
| Company of New York, | : | |
| | : | |
| Defendant | : | |

## PLAINTIFF'S MOTION FOR EXTENSION TO TIME TO COMPLETE DISCOVERY
### (Unopposed)

Comes now Border Contractors, Inc., Plaintiff in the above entitled and numbered case, by and through its attorney, Robert J. Banks, Esq., and files this, its Motion for Extension of Time to Complete Discovery, and for cause therefore would respectfully show unto this Court the following.

### A. Introduction

1.    Border Contractors, Inc. is the Plaintiff herein.  Great American Insurance Company of New York is the Defendant herein.

2.    Plaintiff sued Defendant for breach of contract, and for breach of the covenant of good faith and fair dealing.

3.      This case was originally filed in the state court.  Defendant removed the case to this Court on February 13, 2002.

4.      On March 26, 2002, Plaintiff's Attorney suffered a heart attack while at work in his office.  He was immediately taken to Valley Baptist Hospital where he was admitted to the Cardiac Care Unit.  Shortly after his admission, surgery was performed to place two stents in Plaintiff's Attorney's right coronary artery.  It was determined that further surgery would be required.  On April 1, 2002, Plaintiff's Attorney underwent coronary artery bypass surgery in which six coronary artery bypass procedures were done.

5.      On April 6, 2002, Plaintiff's Attorney  was discharged from the hospital to home, where he was under the care of home healthcare nurses.

6.      On April 22, 2002, Plaintiff's Attorney was enrolled in the Cardiac Rehabilitation unit of Valley Baptist Hospital's Heart and Vascular Institute where he  participated in supervised cardiac rehabilitation.  On July 5, 2002, Plaintiff's Attorney was released from supervised cardiac rehabilitation, and is presently participating in unsupervised cardiac rehabilitation.

7.      During Plaintiff's Attorney's supervised rehabilitation it was discovered that Plaintiff's Attorney had developed cataracts in both eyes.  It seems this is not unusual due to the large amount of steroids administered to Plaintiff's Attorney subsequent to his cardiac surgery.

8.      Plaintiff's Attorney underwent a physical examination on July 25, 2002 to ascertain whether he was physically able to undergo additional surgery, *i.e.*, removal of cataracts and implantation of lenses.

9.      Plaintiff's Attorney underwent surgery on his right eye on August 6, 2002.

10.     Plaintiff's Attorney underwent surgery on his left eye on August 27, 2002.

11.    Plaintiff's Attorney was only able to resume practice in a productive manner during the past month.

12.    Neither Plaintiff or Defendant has conducted any discovery in this case, to date.

13.    Pursuant to this Court's Scheduling Order, the present Discovery Completion Date is October 31, 2002.

14.    This case is presently set for jury selection and trial on February 6, 2003.

## B. Argument

15.    The Court should grant Plaintiff an extension of time within which to obtain discovery on Defendant's defenses.

16.    Plaintiff needs additional time to obtain documents from Defendant, and to depose Defendant's witnesses.  Plaintiff's case is predicated on the interpretation by Defendant of its contract of insurance.  Knowledge of the basis for Defendant's interpretation of particular sections of that contract is essential in order for Plaintiff to adequately prepare its case for trial.

17.    The granting of Plaintiff's Motion for Extension of Time will not prejudice Defendant because Defendant would also benefit from the additional time for discovery.

18.    This request for extension of time is not for delay only, but that justice may be done.

## C. Conclusion

19.    The fact that Plaintiff has not conducted any discovery, to date, is not due to neglect, oversight or a lack of diligence on its part.  Good cause exists for Plaintiff's Motion in that the extension requested is due solely to Plaintiff's Attorney's heart attack and the attendant medical problems, and the time required for his rehabilitation.

20.    Predicated on the above stated facts, Plaintiff requests this Court to extend the period for completion of discovery to December 31, 2002.

Respectfully submitted,

Robert J. Banks, Esq.
Texas Bar No. 01686020
SDOT ID No. 10703
218 East Harrison Avenue
Harlingen, Texas 78550-9134
956-423-3745 (Telephone)
956-423-3746 (Telecopier)

Attorney for Plaintiff,
Border Contractors, Inc.

## CERTIFICATE OF CONFERENCE

I hereby certify that on this 11th day of October 2002, I conferred with Mitchell C. Chaney, Esq., Attorney for Defendant, concerning Plaintiff's Motion for Extension of Time to Complete Discovery. Mr. Chaney stated that he would not oppose the granting of the Motion.

Robert J. Banks

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION


Border Contractors, Inc.,                     :
a Texas corporation,                          :
                                              :
     Plaintiff                               :
                                              :
     vs.                                     :          CIVIL ACTION NO. B-02-027
                                              :
Great American Insurance                      :
Company of New York,                          :
                                              :
     Defendant                               :


**AFFIDAVIT OF ROBERT J. BANKS IN SUPPORT OF PLAINTIFF'S
MOTION FOR EXTENSION TO TIME TO COMPLETE DISCOVERY**


THE STATE OF TEXAS    )
                        )
COUNTY OF CAMERON  )

     Before me, the undersigned authority, on this day personally appeared Robert J. Banks, attorney for the plaintiff herein, who being by me duly sworn, states on oath that:

     "My name is Robert J. Banks, I am the attorney of record for Border Contractors, Inc., Plaintiff herein. I have personal knowledge of the facts contained herein, and I am competent to be a witness and to make this Affidavit."

     "Plaintiff's Motion for Extension of time to Complete Discovery is included herein by reference, and the facts set forth therein are true and correct."

     "Further Affiant sayeth not."

                                            _____
                                            Robert J. Banks, Affiant

Subscribed to and sworn before me on this 11ᵗʰ day of October 2002.



Jo Ellen Paschall
My Commission Expires
February 16, 2004

Notary Public in and
for the State of Texas

---

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of October , I caused to be delivered *via* telecopier a true copy of the foregoing Plaintiff's Motion for Extension of Time to Complete Discovery to the following attorney of record:

Mitchell C. Chaney, Esq.                      Telecopier No. 956-541-2170
Rodriguez, Colvin & Chaney, L.L.P.
1201 East Van Buren Street
Brownsville, Texas 78520-7057


_____
Robert J. Banks