*16*

United States District Court
Southern District of Texas
FILED

JAN 2 1 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| BORDER CONTRACTORS, INC. | * | |
| | * | |
| VS. | * | Civil Action No. B-02-027 |
| | * | |
| GREAT AMERICAN INSURANCE | * | |
| COMPANY OF NEW YORK | * | |

## DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S EXPERT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant Great American Insurance Company of New York ("Great American")

moves the Court for an order striking plaintiff's expert as follows:

## I.

## Background

On June 20, 2002, the Court entered a scheduling order requiring, among other

things, that plaintiff designate experts by August 9, 2002 in accordance with Rule

26(a)(2) of the Federal Rules of Civil Procedure.  Plaintiff subsequently designated Jeff

Davis as an expert to testify at trial (Exhibit A).  Plaintiff's expert designation did not

provide Mr. Davis' address or telephone number, came with no report, did not include a

curriculum vitae, gave no compensation information and did not contain a listing of cases

in which Mr. Davis had previously testified.

On October 12, 2002, plaintiff filed an unopposed motion for an extension of time

to complete discovery.  The Court granted plaintiff's motion, and an amended scheduling

order was entered by the Court on October 17, 2002.  The amended scheduling order

required that plaintiff designate experts by November 9, 2002. Plaintiff did not designate any other experts, and did not supplement his disclosures concerning Mr. Davis.

On January 6, 2003, defendant contacted plaintiff's counsel to attempt to schedule the deposition of Mr. Davis. Although the deposition was to take place outside the discovery deadline of December 21, 2002, plaintiff's counsel originally agreed to the date of January 20, 2003 for Davis' deposition. In fact, counsel for defendant and plaintiff specifically discussed the fact that a "Rule 11 letter" as required in state court was not necessary for the parties to take this deposition. Plaintiff's counsel stated that he informed his expert that a deposition would probably be taken, and would confirm that January 20th was an acceptable deposition date. Plaintiff also stated that Mr. Davis was located in Dallas and that the deposition would need to take place there.

Plaintiff's and defendant's counsel again spoke on January 8, 2003 concerning the location of Davis' deposition. Again, counsel discussed the discovery deadline and that there was no need for a Rule 11 letter. Plaintiff's counsel stated that he would confirm the January 20th date for a convenient location in Dallas. Plaintiff's counsel had not contacted defendant's counsel by January 9, 2003 with the deposition location, so defendant's counsel again called plaintiff's counsel. For the first time, plaintiff's counsel's secretary informed defendant's counsel's office that Davis would not be produced for deposition, vaguely stating "look at the scheduling order." Based upon the previous agreement, defendant's counsel noticed the deposition of Mr. Davis for a location in Dallas, and asked plaintiff's counsel by letter to contact her if the deposition needed to be rescheduled (Exhibit B attached). Plaintiff's counsel did not return

defendant's counsel's call. Instead, plaintiff's counsel filed a motion for protective order on January 13, 2003.

## II.

### Plaintiff's Expert Designation Does Not Comply With The Federal Rules

Rule 26(a)(2) of the Federal Rules of Civil Procedure requires that a party's expert disclosure *shall* be accompanied by a written report prepared and signed by the witness. The Rule also mandates that the report *shall* include the following:

- A complete statement of all opinions to be expressed and the basis and reasons therefore;

- The data or other information considered by the witness in forming the opinions;

- Any exhibits to be used as a summary of or support for the opinions;

- The qualifications of the witness, including a list of all publications authored by the witness for the preceding ten years;

- The compensation to be paid for the study and testimony; and

- A listing of any other cases in which the witness has testified as an expert at trial or by deposition in the preceding four years.

(Emphases added.)

As noted above, virtually none of the information required by Rule 26(a)(2) was provided by plaintiff's expert designation. Plaintiff did not supplement his designation, and did not permit his expert's deposition to go forward so that this information could have been gathered. As a result, plaintiff's expert designation should be stricken, and plaintiff should be prohibited from calling Mr. Davis to testify at trial.

DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S EXPERT                                        PAGE 3

## CERTIFICATE OF SERVICE

I, Teri L. Danish, hereby certify that a true and correct copy of the foregoing document has been forwarded to the following counsel of record, by certified mail, return receipt requested on January 21, 2003.

Robert J. Banks
218 East Harrison Avenue
Harlingen, Texas 78550-9134

Teri L. Danish

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

Border Contractors, Inc.,             :
a Texas corporation,                  :
                                      :
        Plaintiff                     :
                                      :
    vs.                               :        CIVIL ACTION NO. B-02-027
                                      :
Great American Insurance              :
Company of New York,                  :
                                      :
        Defendant                     :

## PLAINTIFF'S DESIGNATION OF EXPERT WITNESSES

Comes now Border Contractors, Inc., Plaintiff in the above entitled and numbered case,

by and through its attorney, Robert J. Banks, Esq., and designates the following persons as expert

witnesses:

### Jeff Davis

Mr. Davis is an insurance professional who handled the sale and administration of
the insurance policy issued by Defendant and sued upon herein. He is expected to
opine that the injuries complained of by Plaintiff were insured by the insurance
policy sued upon, and that all conditions precedent to recovery had been complied
with.

### Robert J. Banks, Esq.

Mr. Banks is an attorney licensed to practice law in the state of Texas and the
Southern District of Texas. He is expected to opine that he is familiar with the


EXHIBIT
A

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

ATTORNEYS AT LAW

A REGISTERED LIMITED LIABILITY PARTNERSHIP

EDUARDO ROBERTO RODRIGUEZ
NORTON A COLVIN, JR
MITCHELL C. CHANEY
MARJORY C BATSELL
JAIME A SAENZ*
JOSEPH A. (TONY) RODRIGUEZ
ALISON D KENNAMER

OF COUNSEL
BENJAMIN S HARDY (1912-1993)
ORRIN W JOHNSON
NEIL E NORQUEST
CHRIS A BRISACK
RAYMOND A COWLEY‡

1201 EAST VAN BUREN
P O BOX 2155
BROWNSVILLE, TEXAS 78522
TELEPHONE (956) 542-7441
TELECOPIER (956) 541-2170
www.rcclaw.com

LAURA J URBIS
LECIA L. CHANEY
R PATRICK RODRIGUEZ
ROSAMARIA VILLAGOMEZ-VELA
TERI L. DANISH
SARAH A NICOLAS

*BOARD CERTIFIED IN PERSONAL
INJURY TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

‡BOARD CERTIFIED IN LABOR AND
EMPLOYMENT LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

January 9, 2003

Robert J. Banks, Esq.                                  *Via Facsimile: 956-423-3746*
218 East Harrison Avenue
Harlingen, Texas 78550-9134

Re:   Civil Action No. B-02-027; *Border Contractors, Inc. v. Great American Insurance Company of New York* in the United States District Court for the Southern District of Texas, Brownsville Division; Our File No. 18,654

Dear Mr. Banks:

Enclosed is a deposition notice for Plaintiff's expert designated in the above-referenced matter. As we discussed, the deposition has been noticed **for January 20, 2003 in Dallas, Texas.** You informed me that you would confirm that this date was convenient for your expert and that we would reschedule if necessary.

I understand from my secretary's conversation with your office that you may now be taking the position that you will not produce your expert for deposition because the discovery deadline had passed. My recollection of our conversation was that you agreed to produce your expert despite the December 21, 2002 discovery deadline. In fact, we specifically discussed that a rule 11 letter was not necessary, since we were pending in federal court and could simply agree. Please let me know immediately if my understanding of our conversation is different from yours, and whether a motion to compel your expert's deposition is necessary.

I attempted to call you this morning, but was told that you were meeting with a client and therefore unavailable. I will be out of the office this afternoon and tomorrow in depositions, but will be checking my messages. Feel free to contact my secretary, Lucy Gaspar, and she will forward your message to me.

Very truly yours,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

Teri L. Danish w/perm. RMV

Teri L. Danish

TLD/lg
*Enclosure (as stated above)



EXHIBIT
B