Case 1:02-cv-00027 Document 22 Filed in TXSD on 03/18/2003 Page 1 of 5 

United States District Court
Southern District of Texas
FILED

MAR 1 8 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

BORDER CONTRACTORS, INC. *
 *
VS. * Civil Action No. B-02-027
 *
GREAT AMERICAN INSURANCE *
COMPANY OF NEW YORK *

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION
TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant Great American Insurance Company of New York ("Great American") replies to plaintiff's opposition to Great American's motion for summary judgment as follows:

**I.**

**NO GENUINE ISSUE FOR TRIAL EXISTS**

Plaintiff's opposition fails to raise a genuine issue for trial. Indeed, the opposition shows the contrary: as a matter of law, Great American is entitled to summary judgment.

**A.  Plaintiff's Statement of "Facts"**

Review of the timing of events (as set forth in plaintiff's statement of facts) clearly demonstrates Great American's entitlement to judgment as a matter of law:

- Plaintiff obtained a policy of insurance through U.S. Risk Brokers and Jeff Davis for the coverage period August 1, 2000 to August 1, 2001.

- On July 13, 2001, plaintiff submitted a claim of loss for the missing Catepillar backhoe. At this time, *the policy language stated that the equipment needed to be returned to plaintiff's yard.*

- The address on the policy listed the insured's address in Harlingen, Texas (*See* Plaintiff's Opposition, Ex. 1).

- On July 27, 2001, *two weeks after the loss,* plaintiff received a quotation with language requiring that equipment be returned to a "fenced" yard. This is the first time the words "fenced" yard appear in any document of insurance. The quotation also pertains to the coverage period *beginning* August 1, 2001 (*See* Plaintiff's Opposition, Ex. 4).

- On August 1, 2001, a binder was issued covering plaintiff's equipment for the period August 1, 2001 to August 1, 2002, again *after* the date of loss occurred.

In short, at the time of the claim submitted by plaintiff, the *only* language in existence pertaining to this loss required plaintiff to "return" the equipment to "your yard." The additional or new condition concerning a "fenced" yard was not applicable until two weeks *after* the loss in this case occurred. Indeed, the change to the policy endorsement clearly shows that plaintiff was obviously aware that previous coverage required that the equipment be brought back to the Harlingen location after non-working hours.

B.  **Great American Made No Misrepresentations**

Plaintiff likewise fails to demonstrate that, to the extent any alleged misrepresentations were made by either Jeff Davis or U.S. Risk Brokers, Great American is liable under the Texas Deceptive Trade Practices Act. Initially, plaintiff has provided *no* evidence that any statement by Davis or U.S. Risk was made *prior* to initiation of the coverage applicable to the loss in this case. Although plaintiff submits the affidavit of Vicky Wright claiming Davis assured her that the equipment could be stored on site, even

Wright's affidavit does not identify when this conversation took place. Moreover, at her deposition, Ms. Wright could not state whether her conversation with Mr. Davis took place before or after the loss involved in this case.[1] Thus, plaintiff has wholly failed to sustain its burden of proof that *any* misrepresentation was made by *anyone* at the time coverage began in this case, much less that any statements are attributable to Great American.

Secondly, even assuming that either Davis or U.S. Risk is an agent of Great American, that fact alone does not create liability on Great American's behalf. *See TIG Insurance Co. v. Sedgwick James of Washington*, 276 F.3d 754, 760 (5th Cir. 2002)("TIG mistakenly assumes that merely establishing an agency relationship will create liability for Lumbermens"); *see also Lexington Ins. Co. v. Buckingham Gates*, 993 S.W.2d 185, 196 (Tex.App. – Corpus Christi, 1999, no writ)(broker's misrepresentations of coverage did not, standing alone, become the misrepresentations of the carrier).

Texas law classifies insurance sellers into three categories – brokers, soliciting agents and recording agents. *TIG*, 276 F.3d at 760. Only a recording agent's actions will always bind the carrier. *Id.* As either a soliciting agent or a broker, an agent must act with actual or apparent authority to bind the carrier. *Id. (citing Celtic Life Ins. Co. v. Coats*, 885 S.W.2d 96, 98 (Tex. 1994)). To confer actual authority, the principal must intentionally confer the authority, explicitly allow the agent to believe that it has the authority, or carelessly permit the agent to believe it has the authority. *Id. (citing Spring Garden 79U, Inc. v. Stewart Title Co.*, 874 S.W.2d 945, 948 (Tex.App. – Houston [1st Dist.] 1994, no writ)). To confer apparent authority, the principal must visibly confer

---

[1] Ms. Wright was deposed on March 13, 2003 and her official transcript is not yet available. In addition,

authority for the agent to perform a range of tasks that include the disputed action. *Id.* (*citing Ames v. Great S. Bank,* 672 S.W.2d 447, 450 (Tex. 1984)).

Again, other than its bare allegation of an agency relationship, plaintiff provides no summary judgment *evidence* in support of this position. Davis testified in his deposition that 1) he is an independent insurance agent, 2) he has never dealt directly with Great American, 3) the policy at issue came through U.S. Brokers, and not directly from Great American, 4) he has "no idea" how Great American designates their policies, and 5) that he shops in excess of 25 insurance companies for his clients seeking insurance.[2] Rather than establish that the requisite relationship between Davis or U.S. Risk and Great American, the evidence shows just the opposite: neither Davis nor U.S. Risk had the power to bind Great American through an alleged misstatement of coverage.

Plaintiff has simply failed to sustain its burden on any claim asserted against Great American. As a result, plaintiff's claims should be dismissed in their entirety and summary judgment entered in favor of Great American as a matter of law.

Respectfully submitted,

*/s/ Teri L. Danish*
Mitchell C. Chaney
Fed. No. 1918
State Bar No. 4107500
Teri L. Danish
Fed. No. 12862
State Bar No. 05375320
RODRIGUEZ, COLVIN & CHANEY, L.L.P.

---

Great Amreican's corporate representative, Dan Moore, is scheduled to be deposed March 20, 2003. As a result, Great American respectfully requests leave to supplement the summary judgment record in this case.

[2] The deadline for filing motions in this case was February 18, 2003. However, the deposition of Jeff Davis was not taken until February 28, 2003. Thus, Great American respectfully requests leave to supplement the summary judgment record in this case.

       1201 East Van Buren
       Brownsville, Texas 78520
       Telephone: (956) 542-7441
       Telefax : (956) 541-2170

       ATTORNEYS FOR DEFENDANT
       GREAT AMERICAN INSURANCE

## CERTIFICATE OF SERVICE

I, Teri L. Danish, hereby certify that a true and correct copy of the foregoing document has been forwarded to the following counsel of record, by facsimile and/or certified mail, return receipt requested on March 18th, 2003.

    Robert J. Banks
    218 East Harrison Avenue
    Harlingen, Texas 78550-9134

        _/s/ Teri L. Danish_
        Teri L. Danish