

United States District Court
Southern District of Texas
FILED

MAR 1 8 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| BORDER CONTRACTORS, INC. | * | |
| | * | |
| VS. | * | Civil Action No. B-02-027 |
| | * | |
| GREAT AMERICAN INSURANCE | * | |
| COMPANY OF NEW YORK | * | |

## JOINT PRETRIAL ORDER

### I.

### APPEARANCE OF COUNSEL

Robert J. Banks, Esq.
State Bar No. 01686020
Federal ID No. 10703
Attorney at Law
218 East Harrison Avenue
Harlingen, Texas 78550-9134
(956) 423-3745
Fax No. (956) 423-3746

Attorney for Plaintiff Border Contractors, Inc.

Mitchell C. Chaney
State Bar No. 04107500
Fed. ID No. 1918
Teri L. Danish
State Bar No. 05375320
Fed. ID No. 12862
RODRIGUEZ, COLVIN & CHANEY, L.L.P
1201 E. Van Buren
P.O. Box 2155
Brownsville, Texas 78521
(956) 542-7441
Fax No. (956) 541-2170

Attorney for Defendant Great American Insurance Company

## II.

## STATEMENT OF THE CASE

### 1.  Plaintiff's Statement

Plaintiff, Border Contractors, Inc., entered into a contract of insurance with Defendant, Great American Insurance Company, insuring Plaintiff's construction equipment. During the period in which the insurance policy was in full force and effect, a piece of equipment owned by Plaintiff, and covered under the insurance policy, was stolen from Plaintiff's maintenance and storage yard at a job site. Plaintiff gave due notice of the theft to Defendant. Defendant wrongfully denied Plaintiff recovery of its damages under the insurance policy under the pretext that the equipment was not returned to Plaintiff's yard during non-working hours.

### 2.  Defendant's Statement

Defendant Great American Insurance Company denies that Plaintiff can recover under the policy at issue for the alleged theft of a Caterpillar backhoe. The insurance policy clearly stated that the equipment had to be returned to Plaintiff's yard at the end of the work day, or the equipment would not be covered under the policy. It is undisputed that the equipment was not returned to Plaintiff's premises as required. Although Plaintiff contends that the phrase "your yard" includes the construction site where the equipment was being used, the unambiguous language of the policy shows that the equipment was to be returned to the address identified on that policy. The address on the policy is Plaintiff's location in San Benito, Texas. Because the equipment was not returned to Plaintiff's yard, Great American properly denied coverage of the claim.

## III.

## JURISDICTION

Jurisdiction and venue are proper in the United District Court of the Southern District of Texas, Brownsville Division because of complete diversity of citizenship.

## IV.

## MOTIONS

Defendant's Motion for Summary Judgment is pending and ripe for ruling.

## V.

## CONTENTIONS OF THE PARTIES

### A. Contentions of the Plaintiff

Plaintiff contends that its' claim is covered under the policy of insurance, and that Defendant knowingly and wrongfully denied Plaintiff's recovery. Plaintiff further contends that the language of the insurance policy relied upon by Defendant in its denial of coverage is ambiguous, and must be construed in favor of the insured, *i.e.* the Plaintiff.

### B. Contentions of the Defendant

Defendant contends that Plaintiff's claim is not covered under the insurance policy at issue.

## VI.
## ADMISSIONS OF FACT

### A. Plaintiff's Admission of Facts

1. Plaintiff and Defendant entered into a contract for insurance for the policy period of August 1, 2000 to August 1, 2001.

2. The address attributed to Plaintiff on the insurance policy is the mailing address of Plaintiff in San Benito, Texas.

3. The policy included a condition which stated, "You agree to bring this equipment back to your yard during non-working hours or no coverage for theft or vandalism and malicious mischief applied during non-working hours."

4. A 2000 Caterpillar 446B Backhoe Loader was insured under the insurance policy,

5. The Caterpillar 446B Backhoe Loader was stolen from Plaintiff's maintenance and storage yard on or about July 12, 2001, a date when the insurance policy was in full force and effect.

6. Plaintiff made demand of Defendant for payment for its loss under the insurance policy, which demand Defendant summarily denied.

### B. Defendant's Admission of Facts

1. Plaintiff and Great American entered into a contract for insurance for the policy period August 1, 2000 to August 1, 2001.

2. The policy included an endorsement which states: "You agree to bring this equipment back to your yard during non-working hours or no coverage for theft or vandalism and malicious mischief applies during non-working hours."

3. The address on the policy of insurance is Plaintiff's location in San Benito, Texas.

4. A 2000 Caterpillar 446B Backhoe Loader was among Plaintiff's equipment insured under the contract.

5. On July 13, 2001, Plaintiff made a claim for coverage under the policy for loss of the backhoe.

6. On July 3, 2001, plaintiff submitted an application for another insurance policy to be effective August 1, 2001 to August 1, 2002.

7. On July 24, 2001, Plaintiff received a proposal from U.S. Risk for insurance with Great American changing the language of the endorsement from "your yard" to "a fenced yard."

8. On August 1, 2001, an insurance binder was issued effective on that date covering equipment stored in a "fenced yard."

9. On August 6, 2001, Great American issued another policy effective August 1, 2001 to August 1, 2002.

## VII.

## CONTESTED ISSUES OF FACT

1. Whether Plaintiff's loss is covered by the insurance policy in effect at the time of the loss.

## VIII.

## DEFENDANT PROPOSITIONS OF LAW

1. To recover for breach of contract, Plaintiff must show that 1) plaintiff and defendant had an enforceable contract; 2) plaintiff performed, tendered performance, or was excused from performing its contractual obligations; 3) defendant breached the contract; and 4) defendant's breach caused plaintiff's injuries. *Southwell v. University of the Incarnate Word,* 974 S.W.2d 351, 354-55 (Tex.App. – San Antonio 1998, pet. Denied).

2. Where a contract is complete and unambiguous, extrinsic evidence is inadmissible to vary, add to or contradict the terms of the agreement. *Jackson v. Hernandez,* 285 S.W.2d 184, 190 (Tex. 1955).

3. If the *Court* concludes that language can be given a certain or definite meaning, the contract is not ambiguous. *DeWitt Cty. Elec. Coop., Inc. v. Parks,* 1 S.W.3d 96, 100 (Tex. 1996).

4. To prove that Defendant breached its duty of good faith and fair dealing, Plaintiff must show that Defendant knew or should have known that it was "reasonably clear" that the claim was covered by the insurance contract. *Universe Life Ins. Co. v. Giles,* 950 S.W.2d 48, 54-56 (Tex. 1997).

5. There can be no claim for bad faith when an insurer has promptly denied a claim that is in fact not covered. *Republic Ins. Co. v. Stoker,* 903 S.W.2d 338, 341 (Tex. 1995).

6. To state a claim for violation of the Texas Deceptive Trade Practices Act, plaintiff must prove 1) plaintiff is a consumer; 2) defendant can be sued under the DTPA; 3) defendant committed a wrongful act by representing that the contract conferred or involves rights, remedies or obligations that it did not have or involve; and 4) defendant's action was a producing cause of plaintiff's injuries. Tex. Bus. & Comm. Code §§17.45, 17.46(b)(12), 17.50.

7. A breach of contract alone does not amount to misrepresentation within the meaning of the Texas Deceptive Trade Practices Act. *Crawford v. Ace Sign Inc.,* 917 S.W.2d 12, 14-15 (Tex. 1996); *Holloway v. Dannenmaier,* 581 S.W.2d 765, 767 (Tex.App. – Fort Worth 1979, writ dism'd).

### IX.

### PLAINTIFF'S PROPOSITIONS OF LAW

1. The general rules of contract construction govern insurance policy interpretation. *Grain Dealers Mut. Ins. Co. v. McKee,* 943 S.W.2d 455, 458 (Tex. 1997).

2. If an insurance contract is subject to more than one reasonable interpretation, the contract is ambiguous and the interpretation that most favors coverage for the insured will be adopted. . *Grain Dealers Mut. Ins. Co. v. McKee*, 943 S.W.2d 455, 458 (Tex. 1997).

3. A soliciting agent and/or selling agent are agents of the insurance carrier of whose policies they are selling. Article 21.02, *Texas Insurance Code; Celtic Insurance Company v. Coats*, 885 S.W.2d 96, 98 (Tex. 1994)

## X.

## EXHIBITS

The parties will exchange exhibits by April 1, 2002.

## XI.

## WITNESSES

Please see defendant's witness list attached.

If other witnesses to be called at a trial become known, their names, addresses, and subject of their testimony will be reported to opposing counsel in writing as soon as thy are known; this does not apply to rebuttal or impeachment witnesses.

Please see Plaintiff's Witness List, attached hereto.

## XII.

## SETTLEMENT

The parties have not discussed settlement.

## XIII.

## TRIAL

One and one half days of testimony. Defendant's representative resides in Ohio. Therefore, as much advance notice of the trial date as possible is requested.

_____          _____
United States District Judge                Date


_____          _____
Attorney-in-Charge, Plaintiff               Date


*/s/ [signature]*                           *3·15·03*
_____          _____
Attorney-in-Charge, Defendant               Date

## XIII.

## TRIAL

One and one half days of testimony. Defendant's representative resides in Ohio. Therefore, as much advance notice of the trial date as possible is requested.

_____    _____
United States District Judge                  Date

_____    _____
Attorney-in-Charge, Plaintiff                3/17/03
                                                          Date

_____    _____
Attorney-in-Charge, Defendant            Date

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| BORDER CONTRACTORS, INC. | * | |
| | * | |
| VS. | * | Civil Action No. B-02-027 |
| | * | |
| GREAT AMERICAN INSURANCE | * | |
| COMPANY OF NEW YORK | * | |

**DEFENDANT'S WITNESS LIST**

1.  Dan Moore
    Great American Insurance Company
    Post Office Box 5440
    Cincinnati, Ohio 45201
    (877)679-4025

    Mr. Moore is a representative of Great American Insurance Company who will testify concerning the terms of the policy at issue, Great American's practice concerning investigation of claims and coverage issues.

2.  Bill Kozik
    Great American Insurance Company
    Post Office Box 5440
    Cincinnati, Ohio 45201
    (877)679-4025

    Mr. Kozik may testify concerning the terms of the policy at issue, Great American's practice concerning investigation of claims and coverage issues.

3.  Ron Henderson
    Address unknown

    Mr. Henderson may testify concerning his investigation of the plaintiff's claim under the policy at issue in this case.

4.  Robert Jeffrey Davis
    HR Agency
    13150 Coit Road, Suite 104
    Dallas, Texas 75240
    (972)907-8160

Mr. Davis was the independent agent who procured the policy of insurance at issue from U.S. Risk Insurance Brokers. Mr. Davis may testify concerning his dealings with Plaintiff's representatives in procuring the policy at issue, and subsequent policies on behalf of Plaintiff. Mr. Davis may also testify concerning his dealings with U.S. Risk Insurance Brokers and his status as an independent insurance agent.

5.  Vicky and Dan Wright

Vicky Wright is the President of Border Contractors, Inc., Plaintiff. Dan Wright is Vicky Wright's husband, and the estimator for Border Contractors, Inc.

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| BORDER CONTRACTORS, INC. | * | |
| | * | |
| VS. | * | Civil Action No. B-02-027 |
| | * | |
| GREAT AMERICAN INSURANCE | * | |
| COMPANY OF NEW YORK | * | |

### PLAINTIFF'S WITNESS LIST

1. Robert Jeffrey Davis
   HR Agency
   13150 Coit Road, Suite 104
   Dallas, Texas 75240
   (972) 907-8160

   Mr. Davis was the agent who sold the policy of insurance to Plaintiff. Mr. Davis will testify concerning his representation to Plaintiff.

2. Vicky Wright
   Border Contractors, Inc.
   28226 South Dillworth Road
   Harlingen, Texas 78552-1760

   Mrs. Wright is the president of Border Contractors, Inc.

3. Dan Wright
   Wrightway Construction, Inc.
   201 Southgate Drive
   Harlingen, Texas 78550
   956-423-6308

   Mr. Wright, in addition being employed by Wrightway Construction, Inc., is a part-time estimator for Border Contractors, Inc.

   Mr. Wright has extensive experience in heavy construction. He will testify concerning the meaning of "your yard" in the construction industry, and the usual and customary procedures in the construction industry concerning the storage of equipment during off-work periods on the construction site.

4.     Joe Charles Ballenger
      Ballenger Construction Company
      1 Mile East Highway 77
      San Benito, Texas 78586
      956-428-6033

      Mr. Ballenger is president of Ballenger Construction Company, one of the largest road building contractors in south Texas.

      Mr. Wright has extensive experience in heavy construction. He will testify concerning the usual and customary procedures in the construction industry concerning the storage of equipment during off-work periods on the construction site. He will testify as to the meaning of the phrase "your yard," as contained in the insurance policy, in the construction industry.

5.     Robert J. Banks, Esq.
      218 East Harrison Avenue
      Harlingen, Texas 78550-9134
      956-423-3745

      Mr. Banks will testify as to the usual and customary fees for representation of plaintiff's in this type of case in the Rio Grande Valley. He will further testify as to his fees, i.e., the amount, and that they were necessary and are reasonable.