IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 2 1 2003

Michael N. Milby, Clerk of Court

| | |
|---|---|
| Border Contractors, Inc., a Texas corporation, | : |
| Plaintiff | : |
| vs. | : CIVIL ACTION NO. B-02-027 |
| Great American Insurance Company of New York, | : |
| Defendant | : |

## PLAINTIFF'S REQUESTED JURY CHARGE

MEMBERS OF THE JURY:

This case is submitted to you by asking questions about the facts, which you must decide from the evidence you have heard in this trial. You are the sole judges of the credibility of the witnesses and the weight to be given their testimony, but in matters of law, you must be governed by the instructions in this charge. In discharging your responsibility on this jury, you will observe all the instructions which have previously been given you. I shall now give you additional instructions which you should carefully and strictly follow during your deliberations.

1. Do not let bias, prejudice or sympathy play any part in your deliberations.

2. In arriving at your answers, consider only the evidence introduced here under oath and such exhibits, if any, as have been introduced for your consideration under the rulings of the court, that is, what you have seen and heard in this courtroom, together with the law as given you by the court. In your deliberations, you will not consider or discuss anything that is not represented by the evidence in this case.

3. Since every answer that is required by the charge is important, no juror should state or consider that any required answer is not important.

4. You must not decide who you think should win, and then try to answer the questions accordingly. Simply answer the questions, and do not discuss nor concern yourselves with the effect of your answers.

5.   You will not decide the answer to a question by lot or by drawing straws, or by any other method of chance. Do not return a quotient verdict. A quotient verdict means that the jurors agree to abide by the result to be reached by adding together each juror's figures and dividing by the number of jurors to get an average. Do not do any trading on your answers; that is, one juror should not agree to answer a certain question one way if others will agree to answer another question another way.

6.   You must render your verdict upon the vote of all members of the jury. You must agree upon all of the answers made and to the entire verdict. You will not, therefore, enter into an agreement to be bound by a majority or any other vote of less than eight jurors. If the verdict and all of the answers therein are reached by unanimous agreement, the presiding juror shall sign the verdict for the entire jury. If any juror disagrees as to any answer made by the verdict, those jurors who agree to all findings shall each sign the verdict.

These instructions are given you because your conduct is subject to review the same as that of the witnesses, parties, attorneys and the judge. If it should be found that you have disregarded any of these instructions, it will be jury misconduct and it may require another trial by another jury; then all of our time will have been wasted.

The presiding juror or any other who observes a violation of the court's instructions shall immediately warn the one who is violating the same and caution the juror not to do so again. When words are used in this charge in a sense that varies from the meaning commonly understood, you are given a proper legal definition, which you are bound to accept in place of any other meaning.

Answer "Yes" or "No" to all questions unless otherwise instructed. A "Yes" answer must be based on a preponderance of the evidence unless otherwise instructed. If you do not find that a preponderance of the evidence supports a "Yes" answer, then answer "No". As to those questions requiring that you answer other than "Yes" or "No", your answer must be that which you find from a preponderance of the evidence.

**"PREPONDERANCE OF THE EVIDENCE"** means the greater weight and degree of credible evidence admitted in this case.

In the event any of you took notes, you may rely on your notes during your deliberations. However, you may not share your notes with the other jurors and you should not permit the other jurors to share their notes with you. You may, however, discuss the contents of your notes with the other jurors.

Notes are not to be considered evidence. In the event of disagreement of testimony, the jurors may request disputed testimony to be read from the official record by the court reporter.

## QUESTION NUMBER 1

Did Great American Insurance Company of New York and Border Contractors, Inc. enter into a contract of insurance?

Answer "Yes" or "No":

Answer: _____

If your answer to Question No. 1 is "Yes", then answer the following question. If your answer is "No", then do not answer and further questions.

## QUESTION NUMBER 2

It is your duty to interpret the following language of the contract of insurance:

> "You agree to bring this equipment back to your yard during non-working hours or no coverage for theft or vandalism and malicious mischief applied during non-working hours."

You must decide its meaning by determining the intent of the parties at the time of the agreement. Consider all the facts and circumstances surrounding the making of the agreement, the interpretation placed on the agreement by the parties, and the conduct of the parties

You are instructed that a contract may be explained or supplemented by usage of trade. Usage of trade means any practice or method of dealing having such regularity of observance in a place, vocation or trade as to justify an expectation that it will be observed with respect to the transaction in question.

You are further instructed that where there is nothing in the agreement to exclude the inference, the parties are presumed to contract in reference to the usage or custom which prevails in the particular trade or business to which the contract relates.

You are further instructed that you must resolve the uncertainty by adopting the construction most favorable to the insured.

Did Border Contractors, Inc. comply with the above quoted condition of the contract of insurance?

Answer "Yes" or "No":

Answer: _____

If your answer to Question No. 2 is "No", then answer the following question. If your answer is "Yes", then answer Question No. 4.

If your answer to Question No. 2 is "No", then answer the following question. Otherwise, do not answer the following question.

## QUESTION NUMBER 3

Failure to comply by Border Contractors, Inc. is excused if all the following circumstances occurred:

1.  Great American Insurance Company of New York

    a.  by words or conduct made a false representation or concealed material facts.

    b.  with knowledge of the facts or with knowledge or information that would lead a reasonable person to discovery the facts, and

    c.  with the intention that Border Contractors, Inc. would rely on the false representation or concealment in acting or deciding not to act; and

2.  Border Contractors, Inc.

    a.  did not know and had no means of knowing the real facts, and

    b.  relied to their detriment on the false representation or concealment of material facts.

Was Border Contractors, Inc.'s failure to comply excused?

Answer "Yes" or "No":

Answer: _____

If your answer to Question No. 3 is "Yes", then answer the following question. If your answer is "No", then answer Question No. 5.

If your answer to Question No. 2 or Question No. 3 is "Yes", then answer the following question. Otherwise, do not answer the following question.

### QUESTION NUMBER 4

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Border Contractors, Inc. for their damages, if any, that resulted from such failure to comply?

Consider the following elements of damages, if any, and none other.

Answer separately in dollars and cents, if any, for each of the following:

| | |
|---|---|
| Proceeds of the insurance contract | $ _____ |
| Costs of replacement equipment | $ _____ |

## QUESTION NUMBER 5

Did Great American Insurance Company of New York engage in any unfair or deceptive act or practice that caused damages to Border Contractors, Inc.?

"Unfair or deceptive act or practice" means any of the following:

1. Making or causing to be made any statement misrepresenting the terms, benefits, or advantages or any insurance policy; or

2. Making, or directly or indirectly causing to be made, an assertion, representation, or statement with respect to insurance that was untrue, deceptive, or misleading; or

3. Misrepresenting to a claimant a material fact or policy provision relating to the coverage at issue; or

4. Failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of a claim when the insurer's liability has become reasonably clear; or

5. Refusing to pay a claim without conducting a reasonable investigation of the claim; or

6. Making an untrue statement of a material fact; or

7. Failing to state a material fact that is necessary to make other statements not misleading, considering the circumstances under which the statements are made; or

8. Making any statement in such a manner as to mislead a reasonably prudent person to a false conclusion of a material fact; or

9. Failing to disclose to claimant facts concerning interpretation of the contract of insurance that would be harmful to claimant's claim.

Answer "Yes" or "No":

Answer: _____

If your answer to Question No. 5 is "Yes", then answer the following question. If your answer is "No", then answer Question No. 9.

---

Plaintiff's Requested Jury Charge                                                                 Page 7 of 13 Pages

If your answer to Question No. 5 is "Yes", then answer the following question. Otherwise do not answer the following question.

### QUESTION NUMBER 6

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Border Contractors, Inc. for their damages, if any, that were caused by such unfair or deceptive act or practice?

Consider the following elements of damages, if any, and none other.

Answer separately in dollars and cents, if any, for each of the following:

    Proceeds of the insurance contract    $ _____

    Costs of replacement equipment    $ _____

If your answer to Question Number 5 is "Yes", then answer the following question. Otherwise, do not answer the following question.

## QUESTION NUMBER 7

Did Great American Insurance Company of New York engage in such conduct knowingly?

"Knowingly" means actual awareness of the falsity, unfairness, or deception of the conduct in question. Actual awareness may be inferred where objective manifestations indicate that a person acted with actual awareness.

In answering this question, consider only the conduct that you have found was a producing cause of damages to Border Contractors, Inc.

Answer "Yes" or "No":

Answer: _____

If your answer to Question No. 7 is "Yes", then answer the following question. If your answer is "No", then answer Question No. 9.

If your answer to Question No. 7 is "Yes", then answer the following question. Otherwise, do not answer the following question.

## QUESTION NUMBER 8

What sum of money, if any, in addition to actual damages, should be awarded to Border Contractors, Inc. against Great American Insurance Company of New York because Great American Insurance Company of New York's conduct was committed knowingly?

Answer in dollars and cents, if any:

$ _____

If you answered "Yes" to Question No. 2, 3, or 5, then answer the following question. Otherwise, do not answer the following question.

### QUESTION NUMBER 9

What is a reasonable fee for the necessary services of Border Contractors, Inc.'s attorney in this case, stated in dollars and cents?

Answer with an amount for each of the following:

1. Preparation and trial:

    Answer:     $ _____

2. For an appeal to the United States Court of Appeals:

    Answer:     $ _____

After you retire to the jury room, you will select your own presiding juror. The first thing the presiding juror will do is to have this complete charge read aloud and then you will deliberate upon your answers to the questions asked.

It is the duty of the presiding juror–

1. to preside during your deliberations,

2. to see that your deliberations are conducted in an orderly manner and in accordance with the instructions in this charge,

3. to write out and hand to the bailiff any communications concerning the case that you desire to have delivered to the judge,

4. to vote on the questions,

5. to write your answers to the questions in the spaces provided, and

6. to certify to your verdict in the space provided for the presiding juror's signature.

After you have retired to consider your verdict, no one has any authority to communicate with you except the bailiff of this Court. You should not discuss the case with anyone, not even with other members of the jury, unless all of you are present and assembled in the jury room. Should anyone attempt to talk to you about the case before the verdict is returned, whether at the Courthouse, at your home, or elsewhere, please inform the Judge of this fact.

When you have answered all the questions you are required to answer under the instructions of the judge and your presiding juror has placed your answers in the spaces provided and signed the verdict as presiding juror or obtained the signatures, you will inform the bailiff at the door of the jury room that you have reached a verdict, and then you will return into court with your verdict.

Signed: April 24, 2003

_____
Felix Recio,
United States Magistrate Judge

## CERTIFICATE

We, the jury, have answered the above and foregoing questions as herein indicated, and herewith return same into court as our verdict.

**(To be signed by the presiding juror if unanimous)**

_____
Presiding Juror

**(To be signed by those rendering the verdict if not unanimous)**

_____        _____
_____        _____
_____        _____
_____        _____
_____