35

United States District Court
Southern District of Texas
FILED

APR 2 2 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

BORDER CONTRACTORS, INC.           *
                                   *
v.                                 *       Civil Action No. B-02-027
                                   *
GREAT AMERICAN INSURANCE           *
COMPANY OF NEW YORK                *

### DEFENDANT'S MOTION IN LIMINE

COMES NOW Defendant Great American Insurance Company of New York and moves the Court for an order prohibiting plaintiff, its counsel or witnesses from attempting to introduce evidence of the following matters at trial of this case:

1.    **Claim for attorney's fees**

    a.    **Plaintiff has not complied with conditions precedent.**

Although plaintiff's petition refers to a claim for attorneys fees, plaintiff has not complied with the conditions precedent to recovering attorneys fees in this case. Civil Practices & Remedies Code §38.001(8) provides that a party may recover reasonable attorney's fees if the claim is for an oral or written contract. To recover attorney's fees in a breach of contract case, the claimant must present the contract claim to the opposing party, and the opposing party must fail to tender performance within 30 days of presentment. Civ.Prac.& Rem. Code §38.002; *Jim Howe Homes, Inc. v. Rogers,* 818 S.W.2d 901, 904 (Tex.App. – Austin 1991). Presentment of the claim must be made at least 30 days before trial. *K.C. Roofing Co., Inc. v. Abundis,* 940 S.W.2d 375, 379 (Tex.App. – San Antonio, 1997).

The plaintiff bears the burden of pleading and proving that it made presentment of the claim to the opposing party. *Id.; Ellis v. Waldrop,* 656 S.W.2d 902, 905 (Tex. 1983).

While no specific form of presentment is required, neither the filing of a suit nor the allegation of a demand in the pleadings can, without more, constitute presentment of a claim. *Jim Howe Homes,* 818 S.W.2d at 904.

Other than the allegation contained in plaintiff's original petition, plaintiff has offered no proof that it presented its claim to Great American demanding payment at any time prior to trial. Without such proof, plaintiff cannot recover attorney's fees. As a result, the Court should preclude plaintiff from introducing any evidence of any attorney's fees in this case.

GRANTED_____    DENIED_____

    **b.**    **The question of attorneys' fees is for the Court.**

Even assuming plaintiff is permitted to request attorney's fees in this case, Rule 54(d) of the Federal Rules of Civil Procedure provides that attorney's fees must be presented to the Court by motion filed within fourteen days after entry of judgment. Fed. R. Civ. Proc. 54(d). Thus, the question of attorneys' fees is not for the jury and plaintiff should be precluded from introducing such evidence.

GRANTED_____    DENIED_____

**2.**    **Statements by HR Agency.**

Plaintiff should be prohibited from introducing any evidence that statements by HR Agency or its employees are attributable to Great American. All witnesses acknowledge that HR Agency is not associated in any way with Great American. Instead, HR Agency was the plaintiff's agent, who in turn dealt with U.S. Risk Brokers. HR Agency did not deal directly with Great American in either procuring the policy or dealing with the loss at issue in this case. As a result, any statements made by HR

Agency employees cannot be attributable to HR Agency. *See Lexington Ins. Co. v. Buckingham Gates,* 993 s.W.2d 185, 196 (Tex.App. – Corpus Christi 1999, no writ)(broker's misrepresentation of coverage did not become misrepresentation of carrier).

Even assuming some sort of agency relationship existed between HR Agency and Great American, that fact alone would not make Great American liable for representations made by HR Agency. *See TIG Insurance Co. v. Sedgwick James of Washington,* 276 F.3d 754, 760 (5th Cir. 2002)("TIG mistakenly assumes that merely establishing an agency relationship will create liability for Lumbermens"). Permitting plaintiff to introduce such evidence would be improper and unduly prejudicial to Great American in light of its lack of probative value. Fed.R.Evid. 403.

3.     **Testimony of Joe Charles Ballenger**

Plaintiff has identified Mr. Ballenger as a witness who may testify concerning the customary practice in the construction industry for storage of equipment. Mr. Ballenger is not associated with Border Contractors in any way, and has no personal knowledge of the insurance provisions at issue in this case. His testimony therefore is irrelevant to the issues in this case. Introduction of his evidence into testimony would only serve to mislead the jury and confuse the issues in this case. As a result, the Court should exclude his testimony at trial. Fed.R.Evid. 401, 403.

GRANTED_____   DENIED_____

4.     **Claims of punitive or statutory damages.**

In its original petition, plaintiff alleged causes of action for breach of contract and breach of the duty of good faith and fair dealing under the Texas Deceptive Trade

Practices Act.    As a result of the Court's ruling on Great American's motion for summary judgment, plaintiff's DTPA claim was dismissed.  As a result, Plaintiff's only claim for trial is for breach of contract.  A plaintiff may not recover punitive damages in an action for breach of contract. *Jim Walter Homes, Inc. v. Reed,* 711 S.W.2d 617, 618 (Tex. 1986).  Plaintiff thus may not introduce evidence concerning a claim for punitive damages.

Plaintiff's petition likewise does not include any statutory claim which would permit "statutory damages."  As a result, plaintiff should not be permitted to introduce evidence of "statutory damages" in this case.

GRANTED _____    DENIED _____

**5.    Any expert testimony.**

Any reference to or comment about evidence from any person whom plaintiff would purport to call as an expert witness that were not designated as such in plaintiff's designation of witnesses for trial.

GRANTED_____    DENIED_____

**6.    Unidentified witnesses' testimony.**

Any reference to or comment about evidence from any person whom Plaintiff would purport to call as witness where Plaintiff did not identify that person properly, or at all, in its original or supplemental discovery responses, or in its designation of witnesses.

GRANTED _____     DENIED _____

**7.    Reference to probable testimony of absent witness.**

Any reference to the probable testimony of a witness who is absent, unavailable, or not called to testify in this case.  Any such reference would introduce hearsay evidence into the case and prejudice Great American unfairly.

GRANTED _____     DENIED _____

**8.    Settlement.**

Any reference to or comment about communications between the parties or their attorneys concerning offers of settlement, including any reference to mediation of this matter.  Fed.R.Evid. 408

GRANTED _____     DENIED _____

**9.    Requests for documents and offers of stipulation.**

Any requests during the trial that Great American or its attorneys produce any documents or other materials from their files or that they enter into or accept any stipulations.  Any such request risks unfair prejudice to Great American.  Fed. R. Evid. 403.

GRANTED _____     DENIED _____

**10.    This motion.**

Any reference to the fact that Great American has filed a motion in limine requesting relief from this Court or that such relief has been granted.

GRANTED _____     DENIED _____

11.    **Other lawsuits.**

Any references to any other lawsuits or verdicts involving Great American or its counsel. Such information is irrelevant, as it has no tendency to make the existence of any material fact more or less probable than it would be without the evidence and would prevent Great American from receiving a fair trial. Fed. R. Evid. 401 & 402.

GRANTED _____    DENIED _____

12.    **Relative size of the parties.**

Any references to or mention of the relative size of the parties, including (1) any suggestion that this is a "David and Goliath" case, and (2) any references to the parties' wealth, influence, number of counsel, related businesses, ownership of other enterprises, and financial ability to hire counsel or suffer damages. Any such references would be irrelevant and calculated to prejudice Great American unfairly. Fed. R. Evid. 402 & 403.

GRANTED _____    DENIED _____

13.    **Subsequent remedial measures.**

Any references to changes in the policy language at issue after the policy period August 1, 2001 to August 1, 2002. Such changes, if any, constitute subsequent remedial measures that are inadmissible at trial. Fed. R. Evid. 407.

Respectfully submitted,

Mitchell C. Chaney
Fed. No. 1918
State Bar No. 4107500
Teri L. Danish
Fed. No. 12862
State Bar No. 05375320
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 East Van Buren
Brownsville, Texas 78520
Telephone: (956) 542-7441
Telefax : (956) 541-2170

ATTORNEYS FOR DEFENDANT