41

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 2 2 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| Border Contractors, Inc., a Texas Corporation, | § § § | |
| Plaintiff | § § | |
| vs. | § § | CIVIL ACTION NO. B-02-027 |
| Great American Insurance Company of New York | § § § | |
| and | § § | |
| Robert Jeffrey Davis | § § | |
| and | § § | |
| HR Agency, Inc., a Texas Corporation | § § § | |
| Defendants. | § | |

## DEFENDANTS ROBERT JEFFREY DAVIS & HR AGENCY, INC.'s MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b) (1)

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, **HR AGENCY, INC**. and ROBERT JEFFREY DAVIS, Defendants, and

files this their Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Federal

Rule of Civil Procedure 12 (b) (1) and would respectfully show this Court as follows:

### BACKGROUND

1.      Plaintiff is Border Contractors, Inc., a Texas corporation (hereafter "BCI").

Defendants are Great American Insurance Company of New York (hereinafter "Great American"),

an Ohio corporation, Robert Jeffrey Davis (hereafter "Davis"), a citizen of Texas, and HR Agency,

Inc. (hereafter "HR Agency"), a citizen of Texas.

2.      Plaintiff BCI initially sued Defendant Great American in the United States District Court for the Southern District of Texas, Brownsville Division.  Upon information and belief, Plaintiff BCI sued Defendant Great American on the basis of diversity of citizenship because the factual allegations do not raise issues arising under the United States Constitution or federal law. On or about July 31, 2003, Plaintiff BCI filed "Plaintiff's First Amended Original Petition" (hereafter the "Complaint") adding Defendants Davis and HR Agency to the lawsuit.  Like Plaintiff BCI, Defendants Davis and HR Agency are citizens of the State of Texas.  A true and correct copy of Plaintiff's First Amended Original Petition is attached, labeled Exhibit "A" and incorporated herein by reference.

3.      This court lacks subject-matter jurisdiction over plaintiff's suit, and therefore, the suit should be dismissed.

### ARGUMENT

4.      This Court's jurisdiction is limited to cases arising under the United States Constitution or federal law or cases involving diversity of jurisdiction. *See 28 U.S.C. §§ 1331, 1332.* In this case, there is no basis for this court to exercise jurisdiction because the lawsuit does not give rise to either federal question or diversity jurisdiction.

5.      Although Plaintiff initially had, upon information and belief, diversity jurisdiction, the addition of two defendants who are citizens of Texas destroys diversity jurisdiction because Plaintiff is also a citizen of the State of Texas. *See 28 U.S.C. § 1332*; *City of Indianapolis v. Chase National Bank*, 314 U.S. 63, 69, 62 S.Ct. 15, 17 (1941); *See also* Casas Office Machines, Inc. v. MITA Copystar America, Inc., 42 F.3d 668 (1st Cir. 1994) (holding that diversity jurisdiction was

lost when fictitious defendants were named and jurisdiction was no longer completely diverse); Cobb v. Delta Exports, Inc., 186 F.3d 675, 680 (5th Cir. 1999) (approving of holding in *Casas*); Doleac v. Michalson, 264 F.3d 470, 477 (5th Cir. 2001), *citing*, Hensgens v. Deere & Co., 833 F.2d 1179, 1181-82, *cert. denied*, 493 U.S. 851, 107 L.Ed.2d 108 (1989) (rejecting argument that diversity jurisdiction was fixed at time of removal and adding that court can consider post-removal developments and recognizing that most do not divest the court of jurisdiction except the addition of a non-diverse defendant which does divest court of jurisdiction).

6.      Defendants HR Agency and Robert Jeffrey Davis respectfully requests that because this Court lacks subject-matter jurisdiction due to the lack of complete diversity, the Court should dismiss plaintiff's lawsuit or alternatively, remand this case to state court pursuant to 28 U.S.C § 1447(e). A proposed Order is attached and labeled "Proposed Order" for this Court's Consideration.

**WHEREFORE, PREMISES CONSIDERED**, Defendants HR Agency, Inc. And Robert Jeffrey Davis, respectfully requests that this court set this motion for hearing, if the court deems it necessary, and after hearing, grant Defendants' motion to dismiss and for such further and other relief to which Defendants are entitled, both at law and in equity.

Respectfully submitted,

**DELGADO, ACOSTA, BRADEN & JONES, P.C.**
221 N. Kansas, Suite 2000
El Paso, Texas 79901
(915) 544-9997  Telephone
(915) 544-8544  Facsimile

By:    _____
JOHN ROBERT JONES
State Bar No. 10919500
Attorneys for Defendant HR Agency, Inc.
and Robert Jeffrey Davis

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of Defendant HR Agency, Inc.'s Motion to Dismiss was served on Robert J. Banks, 218 East Harrison Avenue, Harlingen, Texas 78550-9134 and Ms. Teri L. Danish, Rodriguez, Colvin & Chaney, L.L.P., 1201 East Van Buren Street, Brownsville, Texas 78520 on this 21st day of August, 2003.

_John Robert Jones_

John Robert Jones

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 3 1 2003

Michael N. Milby
Clerk of Court

Border Contractors, Inc., :
a Texas corporation, :
                    :
     Plaintiff :
                    :
     vs. :      CIVIL ACTION NO. B-02-027
                    :
Great American Insurance :
Company of New York :
                    :
     and :
                    :
Robert Jeffrey Davis :
                    :
     and :
                    :
HR Agency, Inc., a Texas corporation :
                    :
     Defendants :

## PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

    Comes now Border Contractors, Inc., Plaintiff in the above entitled and numbered Cause,

by and through its attorney, Robert J. Banks, Esq., and files this, its First Amended Original

Petition complaining of Great American Insurance Company of New York, Robert Jeffrey Davis

and HR Agency, Inc. a Texas corporation, and for cause therefor would show unto this court the

following:

---

Plaintiff's First Amended Original Petition                                 Page 1 of 21 Pages

AUG-19-2003  13:39                   860 679 9390



EXHIBIT
A

I

1.01.  Plaintiff, Border Contractors, Inc., hereinafter referred to as "Border", is a Texas corporation with its principal office and place of business in Cameron County, Texas at all times complained of herein.

1.02.  Defendant, Great American Insurance Company of New York, hereinafter referred to as "Great American", is a capital stock corporation having its principal office in Cincinnati, Ohio.  Great American was an inland marine insurance company doing business in Cameron County, Texas at all times complained of herein.  Defendant, Great American Insurance Company of New York, has previously appeared herein, and therefore service shall be pursuant to Rule 5, *Federal Rules of Civil Procedure*.

1.03.  Defendant, HR Agency, Inc., hereinafter referred to as "HR Agency", is a Texas corporation having its principal office in Dallas, Texas.  HR Agency was in the business of selling insurance policies in Cameron County, Texas at all times complained of herein.  Defendant, HR Agency, can be served by serving its President, Robert Jeffrey Davis, at its place of business located at Suite 104, 13150 Coit Road, Dallas, Dallas County, Texas 75240-5772.

1.04.  Defendant, Robert Jeffrey Davis, hereinafter referred to as "Davis", is an individual employed by, and the sole officer, director and stockholder of Defendant, HR Agency, having his place of residence in Collin County, Texas.  Defendant, Robert Jeffrey Davis, (SSN 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, DOB December 22, 1951, TxDL No. 9465862) can be served at his place of business located at HR Agency, Inc., Suite 104, 13150 Coit Road, Dallas, Dallas County, Texas 75240-5772.

---

1.05.   The insurance contract which is the subject of this lawsuit was entered into in Cameron County, Texas.

### Factual Allegations

#### II

On or about March 27, 2001, Border purchased a new "2000 Caterpillar 446B Backhoe Loader, Serial Number 5BL02169", hereinafter referred to as "the Backhoe". The purchase price of the Backhoe, as delivered, was $111,609.26.

#### III

3.01.   At all times complained of herein, Great American was engaged in the business of selling policies of insurance to the general public, a class of which Border is a member.

3.02.   At all times complained of herein, HR Agency was an independent agent of Great American, and was engaged in the business of selling policies on behalf of Great American to the general public, a class of which Border is a member.

3.03.   At all times complained of herein, Davis was an agent, servant and employee of HR Agency, and was engaged in the business of selling policies on behalf of Great American to the general public, a class of which Border is a member.

3.04.   On or about August 1, 2000, Great American, through HR Agency and Davis, sold a policy of insurance to Border insuring Border's equipment. On or about March 27, 2001, Great American added the Backhoe to the list of equipment insured against loss by Great American. The insured value of the Backhoe agreed to by HR Agency, Davis and Great American was $102,667. Border paid Great American, through HR Agency and Davis, its premium for said

insurance. Copy of Texas Inland Marine Policy Number TIM 9273604 attached hereto, marked Plaintiff's Exhibit Number 1, and made a part hereof.

3.05.   Great American's policy of insurance was effective from August 1, 2000 to 12:01 a.m., August 2, 2001.

3.06.   Amongst other perils insured against, Great American's policy insured the Backhoe against "theft". Great American's policy was in full force and effect at the time of the loss of the Backhoe.

3.07.   On or about July 12, 2001, a date within the effective dates of Great American's policy of insurance, and a date on which the Backhoe was insured by Great American, the Backhoe was stolen from an equipment storage facility designated by the general contractor for the use of the subcontractors on a construction site in Hidalgo County, Texas. It was the custom of the contractors and subcontractors to store their equipment overnight and on weekends on such storage facilities located at active construction sites.

3.08.   Subsequent to July 12, 2001, and within the effective dates of Great American's policy of insurance, Border notified Davis, who notified Great American, of the afore described theft of the Backhoe.

3.09.   On or about August 1, 2001, Great American denied Border's claim for the theft of the Backhoe. Copy of Great American's Declination of Coverage attached hereto, marked Plaintiff's Exhibit Number 2, and made a part hereof. Great American stated as its sole reason for refusing to honor Border's claim that, "It is clear that the unit in question was not brought back to your main location yard after business hours and that this theft was off premises.".

3.10.   Prior to the effective date of Great American's policy of insurance, Border had discussed with Davis the foregoing arrangements for storage of its equipment while being used on active construction sites. Davis assured Border that its equipment would be fully covered in case of a loss while being operated or stored overnight and on weekends on such storage facilities located at active construction sites.

3.11.   To date, Great American has failed and refused, and continues to fail and to refuse to honor its policy of insurance.

3.12.   Great American's policy of insurance does not contain any exclusions applicable to the above facts.

3.13.   All notices required to have been served upon Great American, HR Agency and Davis by Border have been duly served.

**Breach of Contract**

IV

Plaintiff, Border Contractors, Inc., incorporates herein by reference each and every allegation set forth above, and further states:

4.01.   HR Agency and Davis contracted, warranted and agreed that they would obtain adequate and sufficient insurance coverage for Border's equipment, wherever located, to indemnify Border for any loss that may occur. HR Agency and Davis obtained a policy of insurance from Great American which they represented to Border complied with the afore described representations.

---

Plaintiff's First Amended Original Petition                                         Page 5 of 21 Pages

4.02.   During the period in which Great American's policy of insurance was in full force and effect, equipment specifically identified as being insured by Great American under their policy of insurance, i.e., the Backhoe, was stolen from an equipment storage facility designated by the general contractor for the use of the subcontractors on a construction site in Hidalgo County, Texas. Pursuant to the terms of Great American's policy, Great American was obligated to pay, and Border entitled to receive, indemnification of the loss.

4.03.   Great American, HR Agency and Davis contracted, warranted and agreed that Great American would pay to Border the sum of $102,667.00 for its loss incurred by the theft of the Backhoe.

4.04.   Although demand having been made therefor, Great American has failed and refused, and continues to fail and to refuse, to pay Border the money agreed upon and owing. Said failure and refusal constitutes a material breach of Great American's contract of insurance, and HR Agency's and Davis' contract to provide adequate insurance.

V

As a direct and proximate result of Great American's, HR Agency's and Davis' breach of their contracts, Border has suffered actual damages in the amount of $102,667.00, as herein above described.

Wherefore, Border Contractors, Inc. demands judgment against Great American, HR Agency and Davis, jointly and severally, for compensatory damages in the amount of $102,667.00, interest thereon, costs of court and reasonable attorney fees.

---

## Breach of the Covenant of Good Faith and
## Fair Dealing, and Unfair Settlement Practices

### VI

Plaintiff incorporates herein by reference each and every allegation set forth above, and further states:

6.01.   At all times herein complained of, Great American agreed to act in good faith and deal fairly with Border when Great American issued its policy of insurance, and accepted payment therefor from Border.  Great American thereby assumed a fiduciary obligation to Border and agreed to abide by its fiduciary duties.  Nevertheless, Great American failed and refused to act in good faith and deal fairly with Border, thereby breaching their fiduciary obligations and engaging in unfair settlement practices.

6.02.   Great American owed Border a duty of good faith and fair dealing predicated upon their special relationship.

6.03.   In the absence of a reasonable basis for so doing, and with full knowledge and/or reckless disregard therefor, Great American failed and refused to indemnify Border under Great American's policy of insurance and the laws of the state of Texas.

6.04.   Great American has failed to attempt in good faith to effectuate a prompt, fair and equitable settlement of Border's claim with respect to which Great American's liability had become reasonably clear.  Further, Great American knew or should have know that it has no reasonable basis for denying Border's claim.

6.05.   Great American has refused, failed and unreasonably delayed an offer of settlement under its policy of insurance on the basis that the Backhoe was not in a secure facility.

---

6.06.  All conditions precedent to Great American's performance in accordance with its policy of insurance have occurred or have been performed by Border.

6.07.  Great American knowingly committed the acts complained of herein, maliciously, fraudulently and/or with reckless disregard for the likelihood of causing Border severe economic damage.  Great American knowingly committed the above acts to further its own economic interest at the expense of Border's economic interest.

6.08.  Great American knowingly violated §17.46(b)(12), *Texas Business and Commerce Code, Texas Deceptive Practices–Consumer Protection Act* , in that Great American:

    a.    Represented to Border that Great American's policy of insurance conferred rights and remedies which it does not have or involve; and

    b.    Engaged in false, misleading or deceptive acts or practices in the conduct of its trade and commerce, in that it wrongfully failed and refused to honor Border's claim without reasonable justification, or in the alternative concealed relevant terms of the policy of insurance from Border.

VII

As a direct and proximate result of Great American's breach of its covenant of good faith and fair dealing, and unfair settlement practices, Border has suffered actual damages in the amount of $102,667.00, as herein above described.

Wherefore, Plaintiff demands judgment against Great American for compensatory damages in the amount of $308,001.00, interest thereon, costs of court and reasonable attorney fees.

## Fraudulent Misrepresentation

### VIII

Plaintiff incorporates herein by reference each and every allegation set forth above, and further states:

8.01.   HR Agency and Davis represented unto Border that Great American's policy of insurance was in full force and effect at all times Border's equipment was located in the equipment storage facility designated by the general contractor for the use of the subcontractors on the construction site in Hidalgo County, Texas, and that Great American would indemnify Border against the theft of that equipment.

8.02.   HR Agency and Davis made such representation with the intent that Border would act on the representation, and Border did, in fact, act and rely on same to its injury, as is herein set forth.

8.03.   The aforesaid representation was false and fraudulent, and was known to be false and fraudulent by HR Agency and Davis, or was made with reckless disregard as to the truth of falsity of said misrepresentation at the time said misrepresentation was made, in that:

a.   HR Agency and Davis had falsely represented to Great American that Border always brought its equipment to its Harlingen facility upon the completion of the day's work;

b.   HR Agency and Davis had falsely represented to Border that its equipment was fully covered under the terms and conditions of Great American's policy of insurance when that equipment was located in the equipment storage facility designated by the general contractor for the use of the subcontractors on the construction site in Hidalgo County, Texas; and

c.   HR Agency and Davis had falsely represented to Border that Great American would indemnify Border against the theft of its equipment.

8.04.  Due to the nature and complexity of the fraud undertaken, an inquiry into the conduct of HR Agency and Davis would not have revealed the foregoing fraudulent acts to a reasonably diligent person.  HR Agency and Davis fraudulently concealed from Border the aforesaid acts, knowing that if HR Agency and Davis had disclosed the truth of the matters to Border, it would not have contracted with HR Agency, Davis or Great American.

8.05.  HR Agency and Davis  were possessed of superior knowledge and at all times knew or should have known that Great American would not indemnify Border against the loss of its equipment located in the equipment storage facility designated by the general contractor for the use of the subcontractors on the construction site in Hidalgo County, Texas.  HR Agency's and Davis' active concealment and misrepresentation of such facts from and to Border constituted fraudulent misrepresentation by HR Agency and Davis.

## IX

9.01.  As a direct, proximate and consequential result of HR Agency's and Davis' fraudulent misrepresentation, Border has suffered damages in the amount of $102,667.00 as herein above described.

9.02.  Wherefore, Plaintiffs demand judgment against HR Agency and Davis, jointly and severally, for compensatory damages in the amount of $102,667.00, exemplary damages in the amount of $500,000.00, interest thereon and costs of court.

## Negligent Misrepresentation

### X

Plaintiff incorporates herein by reference each and every allegation set forth above, and further states:

10.01. HR Agency and Davis represented unto Border that Great American's policy of insurance was in full force and effect at all times Border's equipment was located in the equipment storage facility designated by the general contractor for the use of the subcontractors on the construction site in Hidalgo County, Texas, and that Great American would indemnify Border against the theft of that equipment.

10.02. HR Agency and Davis made such representation with the intent that Border would act on the representation, and Border did, in fact, act and rely on same to its injury, as is herein set forth.

10.03. The aforesaid representation was false and fraudulent, and was known to be false and fraudulent by HR Agency and Davis, or was made with reckless disregard as to the truth of falsity of said misrepresentation at the time said misrepresentation was made, in that:

a.   HR Agency and Davis had falsely represented to Great American that Border always brought its equipment to its Harlingen facility upon the completion of the day's work;

b.   HR Agency and Davis had falsely represented to Border that its equipment was fully covered under the terms and conditions of Great American's policy of insurance when that equipment was located in the equipment storage facility designated by the general contractor for the use of the subcontractors on the construction site in Hidalgo County, Texas; and

c.   HR Agency and Davis had falsely represented to Border that Great American would indemnify Border against the theft of its equipment.

10.04. Due to the nature and complexity of the negligent misrepresentations, an inquiry into the conduct of HR Agency and Davis would not have revealed the foregoing negligent misrepresentations to a reasonably diligent person. HR Agency and Davis fraudulently concealed from Border the aforesaid acts, knowing that if HR Agency and Davis had disclosed the truth of the matters to Border, it would not have contracted with HR Agency, Davis or Great American.

10.05. HR Agency and Davis were possessed of superior knowledge and at all times knew or should have known that Great American would not indemnify Border against the loss of its equipment located in the equipment storage facility designated by the general contractor for the use of the subcontractors on the construction site in Hidalgo County, Texas. HR Agency's and Davis' active concealment and misrepresentation of such facts from and to Border constituted negligent misrepresentation by HR Agency and Davis.

XI

11.01. As a direct, proximate and consequential result of HR Agency's and Davis' negligent misrepresentation, Border has suffered damages in the amount of $102,667.00 as herein above described.

11.02. Wherefore, Plaintiff demands judgment against HR Agency and Davis, jointly and severally, for compensatory damages in the amount of $102,667.00, exemplary damages in the amount of $500,000.00, interest thereon and costs of court.

## Negligence

### XII

Plaintiff incorporates herein by reference each and every allegation set forth above, and further states:

12.01. HR Agency and Davis had a duty at all times complained of herein to ascertain and advise Border of all conditions and exclusions affecting Border's coverage under Great American's policy of insurance.

12.02. HR Agency and Davis breached their duty of care and were negligent in the performance of the following acts or omissions:

a.   Representing to Great American that Border always brought its equipment to its Harlingen facility upon the completion of the day's work, when Davis knew or should have known that Border did not do so;

b.   Representing to Border that its equipment was fully covered under the terms and conditions of Great American's policy of insurance when that equipment was located in the equipment storage facility designated by the general contractor for the use of the subcontractors on the construction site in Hidalgo County, Texas, when Davis knew or should have known that Great American would not indemnify Border under those conditions;

c.   Representing to Border that Great American would indemnify Border against the theft of its equipment, when Davis knew or should have known that Great American would not do so; and

d.   Failing to ascertain the intent and application of all conditions and exclusions affecting Border's coverage under Great American's policy of insurance in a timely manner as requested by Border prior to the loss of its equipment.

12.03. The above described conduct of HR Agency and Davis involved an extreme degree of risk to Border of which HR Agency and Davis had actual, subjective awareness, but proceeded with conscious indifference to the rights, safety and welfare of Border.

---

XIII

13.01.As a direct, proximate and consequential result of HR Agency's and Davis' negligence, Border has suffered damages in the amount of $102,667.00, as described herein.

13.02.Wherefore, Plaintiff demands judgment against HR Agency and Davis, jointly and severally, for compensatory damages in the amount of $102,667.00, exemplary damages in the amount of $500,000.00, interest thereon and costs of court.

## Breach of Express Warranty

XIV

Plaintiff incorporates herein by reference each and every allegation set forth above, and further states:

14.01.That pursuant to the contract between the parties, HR Agency and Davis did promise, agree, contract and warrant:

    a.    That Border's equipment was fully covered under the terms and conditions of Great American's policy of insurance when that equipment was located in the equipment storage facility designated by the general contractor for the use of the subcontractors on the construction site in Hidalgo County, Texas;

    b.    That Great American would indemnify Border against the theft of its equipment, wherever located; and

    c.    That having knowledge of the operation of Border's business and the locale within which Border conducted its business, there were no conditions or exclusions affecting Border's coverage under Great American's policy of insurance.

14.02.HR Agency and Davis breached their express warranty in that:

    a.    HR Agency and Davis knew or should have known that Great American would assert that Border's equipment was not covered under the terms and

conditions of Great American's policy of insurance when that equipment was located in the equipment storage facility designated by the general contractor for the use of the subcontractors on the construction site in Hidalgo County, Texas;

b.    HR Agency and Davis knew or should have known that Great American would not indemnify Border against the theft of its equipment except when it was in Border's yard in Harlingen, Texas; and

c.    HR Agency and Davis knew or should have known that Great American's policy of insurance contained conditions and exclusions adversely affecting Border's coverage.

## XV

15.01. As a direct, proximate and consequential result of HR Agency's and Davis' breach of their express warranties, Plaintiff has suffered damages in the amount of $102,667.00, as described herein.

15.02. Wherefore, Plaintiff demands judgment against HR Agency and Davis for compensatory damages in the amount of $102,667.00, reasonable attorneys fees, interest thereon and costs of court.

## Breach of Implied Warranty

## XVI

Plaintiff incorporates herein by reference each and every allegation set forth above, and further states:

16.01. That pursuant to the contract between the parties, HR Agency and Davis did promise, agree, contract and warrant:

a.    That Border's equipment was fully covered under the terms and conditions of Great American's policy of insurance when that equipment was located in the equipment storage facility designated by the general contractor for

---

the use of the subcontractors on the construction site in Hidalgo County, Texas;

b.    That Great American would indemnify Border against the theft of its equipment, wherever located; and

c.    That having knowledge of the operation of Border's business and the locale within which Border conducted its business, there were no conditions or exclusions affecting Border's coverage under Great American's policy of insurance.

16.02. HR Agency and Davis breached their implied warranty in that:

a.    HR Agency and Davis knew or should have known that Great American would assert that Border's equipment was not covered under the terms and conditions of Great American's policy of insurance when that equipment was located in the equipment storage facility designated by the general contractor for the use of the subcontractors on the construction site in Hidalgo County, Texas;

b.    HR Agency and Davis knew or should have known that Great American would not indemnify Border against the theft of its equipment except when it was in Border's yard in Harlingen, Texas; and

c.    HR Agency and Davis knew or should have known that Great American's policy of insurance contained conditions and exclusions adversely affecting Border's coverage.

## XVII

17.01. As a direct, proximate and consequential result of HR Agency's and Davis' breach of their implied warranties, Border has suffered damages in the amount of $102,667.00, as described herein.

17.02. Wherefore, Plaintiff demands judgment against HR Agency and Davis, jointly and severally, for compensatory damages in the amount of $102,667.00, reasonable attorneys fees, interest thereon and costs of court.

---

## Deceptive Trade Practices—Consumer Protection Act

### XVIII

Plaintiff incorporates herein by reference each and every allegation set forth above, and further states:

18.01. Border is a consumer within the meaning of the *Texas Deceptive Trade Practices-Consumer Protection Act*.

18.02. Written notice of the claims herein made have not been given in the manner and form required by §17.505, *Texas Deceptive Trade Practices-Consumer Protection Act*, due to the necessity of filing suit in order to prevent the expiration of the statute of limitations.

### XIX

In the course of the transactions described above, HR Agency and Davis engaged in false, misleading and deceptive acts and practices in trade and commerce in the following manner:

19.01. Pursuing false, misleading or deceptive acts or practices as set forth in paragraphs III, VI and VIII herein, in violation of §17.46(a), *Texas Deceptive Trade Practices-Consumer Protection Act*;

19.02. Failing to disclose information concerning their services which was known at the time of the transaction with the intent to induce Plaintiffs into a transaction into which Plaintiffs would not have entered had the information been disclosed, as set forth in paragraphs III, VI and VIII herein, in violation of §17.46(b)(24), *Texas Deceptive Trade Practices-Consumer Protection Act*;

AUG-19-2003  13:41                    860 679 9390                                        P.27

19.03.Using or employing a false, misleading or deceptive act or practice that was relied upon by Plaintiffs to Plaintiffs' detriment, as set forth in paragraphs III, VI and XIII herein, in violation of §17.50(a)(1)(B), *Texas Deceptive Trade Practices-Consumer Protection Act*;

19.04.Breaching their express warranties to Plaintiffs, as set forth in paragraphs III and XIV herein, in violation of §17.50(a)(2), *Texas Deceptive Trade Practices-Consumer Protection Act*;

19.05  Breaching their implied warranties to Plaintiffs, as set forth in paragraphs III and XVI herein, in violation of §17.50(a)(2), *Texas Deceptive Trade Practices-Consumer Protection Act*; and

19.06.Pursuing an unconscionable action or course of action, as set forth in paragraphs III, VI, VIII, XIV and XVI herein, in violation of §17.50(a)(3), *Texas Deceptive Trade Practices-Consumer Protection Act*.

### XX

The acts of HR Agency and Davis complained of herein were committed intentionally and knowingly, with actual awareness of the falsity, deception and unfairness of the acts and practices.

### XXI

Wherefore, Border demands judgment against HR Agency and Davis, jointly and severally, for compensatory damages in the amount of $308,001.00, attorney's fees, costs of court and interest thereon.

---

Plaintiff's First Amended Original Petition                    Page 18 of 21 Pages

## Attorney's Fees

### XXII

Pursuant to V.T.C.A. *Civil Practices and Remedies Code*, §38.001, and the *Texas Deceptive Trade Practices-Consumer Protection Act*, §17.50(d), Border is entitled to recover its reasonable and necessary attorneys' fees for the prosecution of this action. Border has been required to, and has, retained Robert J. Banks, Esq., an attorney duly licensed to practice law in the state of Texas, to pursue its cause and is entitled to recovery hereon of its reasonable attorney's fees, including those for any appeal of this action, if necessary, in addition to the other damages herein alleged.

### Prayer

### XXIII

Wherefore, premises considered, Plaintiff prays that this Honorable Court issue its Order that:

23.01.Defendants be cited to appear herein as provided by law;

23.02.Plaintiff be granted judgment against Defendants, jointly and severally, for compensatory damages in the amount of $308,001.00;

23.03.Plaintiff be granted judgment against Defendants, jointly and severally, for exemplary damages in the amount of $500,000.00;

23.04.Plaintiff be granted judgment against Defendants, jointly and severally, for reasonable and necessary attorney's fee, including those required for an appeal of this cause, if necessary;

23.05. Plaintiff be granted judgment against Defendants, jointly and severally, for prejudgment interest;

23.06. Plaintiff be granted judgment against Defendants, jointly and severally, for post-judgment interest at the maximum legal rate on the total amount of the judgment from the date of judgment until paid;

23.07. Plaintiff be granted judgment against Defendants, jointly and severally, for all costs of court; and

23.08 Plaintiff be granted such other and further relief, special or general, at law or in equity, as to which it may be shown to be justly entitled.

Respectfully submitted,

Robert J. Banks, Esq.
Texas Bar No. 01686020
218 East Harrison Avenue
Harlingen, Texas 78550-9134
956-423-3745 (Telephone)
956-423-3746 (Telecopier)

Attorney for Plaintiff,
Border Contractors, Inc.

AUG-19-2003   13:41                          860 679 9390                                    P.30

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of July 2003, I caused to be delivered, certified mail, return receipt requested, a true copy of the foregoing Plaintiff's First Amended Original Petition to the following attorneys of record:

Mitchell C. Chaney, Esq.  
Ms. Teri L. Danish  
Rodriguez, Colvin & Chaney, L.L.P.  
1201 East Van Buren Street  
Brownsville, Texas 78520-7057

Certified Mail – Return Receipt  
No. 7001 1940 0003 1459 8464

_____  
Robert J. Banks

---

Plaintiff's First Amended Original Petition

Page 21 of 21 Pages