IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 2 2 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| Border Contractors, Inc., a Texas Corporation, | § § § | |
| Plaintiff | § § | |
| vs. | § § | CIVIL ACTION NO. B-02-027 |
| Great American Insurance Company of New York | § § § § | |
| and | § § | |
| Robert Jeffrey Davis | § § § | |
| and | § § | |
| HR Agency, Inc., a Texas Corporation | § § § | |
| Defendants. | § | |

### MEMORANDUM OF AUTHORITIES IN SUPPORT OF DEFENDANTS ROBERT JEFFREY DAVIS & HR AGENCY, INC.'s MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b) (1)

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, **ROBERT JEFFREY DAVIS and HR AGENCY, INC.**, Defendants, (collectively referred to herein as "HR Agency") and files this their Memorandum of Authorities in Support of Defendants, **ROBERT JEFFREY DAVIS and HR AGENCY, INC.**'s Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Federal Rule of Civil Procedure 12 (b) (1) and would respectfully show this Court as follows:

### ARGUMENT

1. This Court's jurisdiction is limited to cases arising under the United States

Constitution or federal law or cases involving diversity of jurisdiction. *See 28 U.S.C. §§ 1331, 1332.* In this case, there is no basis for this court to exercise jurisdiction because the lawsuit does not give rise to either federal question or diversity jurisdiction.

2.     Although Plaintiff initially had, upon information and belief, diversity jurisdiction, the addition of two defendants who are citizens of Texas destroys diversity jurisdiction because Plaintiff is also a citizen of the State of Texas. *See 28 U.S.C. § 1332*; *City of Indianapolis v. Chase National Bank*, 314 U.S. 63, 69, 62 S.Ct. 15, 17 (1941); *See also* Casas Office Machines, Inc. v. MITA Copystar America, Inc., 42 F.3d 668 (1st Cir. 1994) (holding that diversity jurisdiction was lost when fictitious defendants were named and jurisdiction was no longer completely diverse); Cobb v. Delta Exports, Inc., 186 F.3d 675, 680 (5th Cir. 1999) (approving of holding in *Casas*); Doleac v. Michalson, 264 F.3d 470, 477 (5th Cir. 2001), *citing*, Hensgens v. Deere & Co., 833 F.2d 1179, 1181-82, *cert. denied*, 493 U.S. 851, 107 L.Ed.2d 108 (1989) (rejecting argument that diversity jurisdiction was fixed at time of removal and adding that court can consider post-removal developments and recognizing that most do not divest the court of jurisdiction except the addition of a non-diverse defendant which does divest court of jurisdiction).

3.     The United States Court of Appeals for the First Circuit in Casas Office Machines, Inc. v. MITA Copystar America, Inc., 42 F.3d 668 (1st Cir. 1994) has held that diversity jurisdiction was lost when fictitious defendants were named and jurisdiction was no longer completely diverse. The First Circuit exhaustively reviewed the legislative history of diversity jurisdiction and particularly 28 U.S.C. § 1367(b), which refers expressly to permissible and compulsory joinder. Recognizing that 28 U.S.C. § 1367(b) does not allow joinder of additional parties if doing so would defeat diversity jurisdiction. *Id.* at 673-674. The Court looked at whether the defendants were

dispensable or indispensable and the effect that determination would have on this issue. *Id.*

After determining that no real prejudice would result to either party, the Court restated and recognized the established rule that joint tortfeasors and co-conspirators are generally not indispensable parties. *Id.* at 677-79, *citing, Charles Wright et al, Federal Practice and Procedure § 1623, at 346-47 (2d ed. 1986)* ("Co-conspirators, like other joint tortfeasors, will not be deemed indispensable parties."). Finding that neither of the newly joined defendants were indispensable, and that no significant tactical advantage was gained having the newly named Defendants in the lawsuit, the Court of Appeals dismissed the newly named Defendants and remanded to the trial court to determine if the dismissal should be with or without prejudice. *Id.*

The United States Court of Appeals for the Fifth Circuit in Doleac v. Michalson, and relying on the First Circuit's opinion in Casas Office Machines, was faced with the issue of the Court's jurisdiction to consider an Order by a District Court that allowed an amendment to join a party resulting in the destruction of diversity of citizenship. Doleac, 264 F.3d at 470. In Doleac, the Plaintiff filed a wrongful death action in state court claiming Defendant Michalson was negligent and liable under the wrongful death statute. In addition, Plaintiff listed as Defendants "John Does A, B, C, and D", and stated that the identities of the John Doe defendants was unknown at the time the lawsuit was filed. *Id.* at 473. Defendant Michalson removed to Federal Court pursuant to 28 U.S.C. § 1332. Subsequently, Plaintiff filed a motion to remand because, upon information and belief, the John Does defendants were also citizens of Mississippi. Five months later, Plaintiff moved to amend her complaint to add a co-defendant, GCI, a citizen of the same state as Plaintiff which would destroy diversity of citizenship. The United States District Court granted the amendment and because the amendment destroyed diversity, remanded the action back to state court.

On appeal, Defendant Michalson asserted that substituting GCI for a John Doe defendant did not destroy diversity because diversity is determined at the time the lawsuit is removed, not later. Rejecting this argument, the Fifth Circuit held that the addition of a non-diverse party destroyed diversity and deprived the trial court of subject matter jurisdiction. *Id.* at 477. More importantly, the Fifth Circuit clarified this issue involving the addition of a defendant under Rule 19 (as opposed to misidentification or naming of a John Doe) and reaffirmed its earlier opinion in Cobb v. Delta Exports, Inc., 186 F.3d 675, 680 (5th Cir. 1999). *Id.* at 476-477. In Cobb v. Delta Exports, the United States Court of Appeals for the Fifth Circuit, was faced with the nearly identical issue before this Court with respect to Defendants Robert Jeffrey Davis and HR Agency, Inc.'s Motion to Dismiss.

The Plaintiff in Cobb filed a Motion for Leave of Court to Amend and Supplement the Complaint to add additional parties, one of which would have destroyed diversity jurisdiction. Cobb, 186 F.3d at 676-677. The defendant filed a motion to remand on the ground that there was no longer complete diversity of citizenship which was denied by the trial court. The trial court then granted summary judgment for some of the parties. *Id.* The Defendant in Cobb contended that the district court did not have the option of joining the non-diverse defendants and then declining to remand. Once the court permitted joinder of non-diverse defendants, Defendant argued that the Court must remand. *Id.* Plaintiff argued in response that diversity jurisdiction was fixed at the time of removal and later joinder does not destroy diversity. Rejecting the Plaintiff's contention, the Fifth Circuit held that post-removal joinder of non-diverse defendants pursuant to Federal Rule 19 destroyed diversity for jurisdiction purposes and required remand. Cobb v. Delta Exports, Inc., 186 F.3d 675, 677 (5th Cir. 1999).

4.   Defendants HR Agency and Robert Jeffrey Davis respectfully requests that because

this Court lacks subject-matter jurisdiction due to the lack of complete diversity, the Court should dismiss plaintiff's lawsuit or alternatively, remand this case to state court pursuant to 28 U.S.C § 1447(e).

**WHEREFORE, PREMISES CONSIDERED**, Defendants Robert Jeffrey Davis and HR Agency, Inc., respectfully requests that this court set this motion for hearing, if the court deems it necessary, and after hearing, grant Defendants' motion to dismiss and for such further and other relief to which Defendants are entitled, both at law and in equity.

Respectfully submitted,

**DELGADO, ACOSTA, BRADEN & JONES, P.C.**
221 N. Kansas, Suite 2000
El Paso, Texas 79901
(915) 544-9997  Telephone
(915) 544-8544  Facsimile

By: _/s/ John Robert Jones_
JOHN ROBERT JONES
State Bar No. 10919500
Attorneys for Defendant HR Agency, Inc.
and Robert Jeffrey Davis

## CERTIFICATE OF SERVICE

    I certify that a true and correct copy of Defendant HR Agency, Inc.'s Memorandum of Authorities in support of its Motion to Dismiss was served on Robert J. Banks, 218 East Harrison Avenue, Harlingen, Texas 78550-9134 and Ms. Teri L. Danish, Rodriguez, Colvin & Chaney, L.L.P., 1201 East Van Buren Street, Brownsville, Texas 78520 on this 21st day of August, 2003.

_____
John Robert Jones